**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 14-2660

_____

LINCOLN BENEFIT LIFE COMPANY,

Appellant

v.

AEI LIFE, LLC; ALS CAPITAL VENTURES, LLC; JOEL
JACOB; INNOVATIVE BROKERS; JRJ SERVICES, INC.

_____

On Appeal from the United States District Court
for the District of New Jersey

(D.C. Civ. No. 3-13-cv-04117)

District Judge: Honorable Freda L. Wolfson

_____

Argued: January 14, 2015

Before: AMBRO, FUENTES, and ROTH, *Circuit Judges*

(Opinion Filed: September 2, 2015)

Jason P. Gosselin ***ARGUED***
Katherine L. Villanueva
Drinker Biddle & Reath LLP
One Logan Square, Suite 2000
Philadelphia, PA 19103
    *Attorneys for Appellant*

Ira S. Lipsius, Esq. ***ARGUED***
Lipsius-BenHaim Law LLP
80-02 Kew Gardens Road, Suite 1030
Kew Gardens, New York 11415
      *Attorney for Appellee Innovative Brokers*

---

OPINION OF THE COURT

---

FUENTES, Circuit Judge.

A plaintiff who files suit in federal court may face significant difficulties when jurisdiction is premised on diversity and the defendant is an unincorporated association such as a partnership or limited liability company ("LLC"). The members of the association determine its citizenship, but these members may be unknown to the plaintiff even after a diligent pre-filing investigation. The plaintiff may tentatively assert that complete diversity exists, but whether this assertion survives a motion to dismiss depends entirely on the pleading standard that the court chooses to apply. We hold that a plaintiff need not affirmatively allege the citizenship of each member of an unincorporated association in order to get past the pleading stage. Instead, if the plaintiff is able to allege in good faith, after a reasonable attempt to determine the identities of the members of the association, that it is diverse from all of those members, its complaint will survive a facial challenge to subject-matter jurisdiction. If the defendant thereafter mounts a factual challenge, the plaintiff

2

is entitled to limited discovery for the purpose of establishing that complete diversity exists.

## I. Background

Lincoln Benefit Life Company filed a federal complaint seeking a declaratory judgment voiding two $6.65 million life insurance policies. Lincoln Benefit alleges that these policies were procured by fraud and for the benefit of third-party investors who have no prior relationship to the individual whose life is the subject of the policies. According to the complaint, this sort of "stranger originated life insurance" or "STOLI" scheme generally violates state insurable-interest laws and the public policy against wagering on human life.

The defendants identified in Lincoln Benefit's complaint included a corporation named Innovative Brokers, which was involved in the procurement of the policies, and two LLCs that were the record owners and beneficiaries of the policies: AEI Life, LLC and ALS Capital Ventures, LLC.

Federal subject-matter jurisdiction was premised on diversity of citizenship. Accordingly, Lincoln Benefit included the following allegations in its complaint:

> 7. Plaintiff Lincoln Benefit is a citizen of the State of Nebraska. Lincoln Benefit is a life insurance company organized and existing under the laws of Nebraska, with its principal place of business at 2940 South 84th Street, Lincoln, NE 68506.

3

8. Upon information and belief, Defendant AEI Life, LLC is a citizen of and is domiciled in New York, and Defendant AEI Life, LLC maintains its principal address at 1428 36th Street, Ste. 219, Brooklyn, New York 11218. Defendant AEI Life, LLC is the record owner of Policy No. 01N1404934.

9. Upon information and belief, Defendant ALS Capital Ventures, LLC is a citizen of and domiciled in the State of Delaware. Defendant ALS Capital Ventures is the record owner of Policy No. 01N1404844.[1]

The defendants filed motions to dismiss for, among other things, lack of subject-matter jurisdiction. Their primary argument was that Lincoln Benefit had failed to adequately plead diversity jurisdiction: an LLC's citizenship is determined by the citizenship of its members, and Lincoln Benefit had not alleged the citizenship of the members of the LLC defendants.

In response, Lincoln Benefit pointed out that none of the defendants had asserted that it was a citizen of Nebraska. It further argued that because "information concerning the citizenship of the members of the defendant-LLCs is not available to Lincoln Benefit," it should not be required to plead that information with specificity.[2] Lincoln Benefit's

---

[1] (App. Vol. II at 2-3.)

[2] (Resp. to Innovative Broker's Mot. to Dismiss, ECF No. 26 at 7.) All ECF citations refer to the District Court's docket.

4

counsel responded that it "was unable to discern the identity and/or citizenship of Defendant AEI Life, LLC and Defendant ALS Capital Ventures, LLC. Counsel for Lincoln Benefit searched public databases, civil dockets, and various business-related search engines, including the New York Secretary of State website."[3] Lincoln Benefit reiterated, however, that "based on publicly available information, none of the defendants is a citizen of Nebraska."[4]

In support of this allegation, Lincoln Benefit provided the District Court with certain documents it had consulted. The New York Department of State record for AEI Life, LLC indicated that it was organized in New York, and the only addresses and business associates listed were located in New York. Similarly, the Delaware Secretary of State record for ALS Capital Ventures, LLC indicated connections only to Delaware. Lincoln Benefit explained that because it "did not have first-hand knowledge of the information supporting the citizenship designations (*i.e.*, its allegations were based on public records), Lincoln Benefit prefaced its allegations 'upon information and belief.'"[5] It contended that in light of the above, it had adequately pleaded diversity. In the alternative, it requested leave for limited jurisdictional discovery.

---

The docket number assigned by the District of New Jersey to this action is 3:13-cv-04117.

[3] (Aff. of Katherine Villanueva, ECF No. 26-1 at 2 ¶ 6.)

[4] (Resp. to AEI Life, LLC's Mot. to Dismiss, ECF No. 34 at 2.)

[5] (*Id.* at 5.)

The District Court granted the defendants' motions in part and dismissed the complaint without prejudice for lack of subject-matter jurisdiction. Citing *Johnson v. SmithKline Beecham Corp.*,[6] it held that Lincoln Benefit was required to allege the citizenship of each member of each defendant LLC in order to plead complete diversity. In addition, it denied the request for jurisdictional discovery, reasoning that it would waste judicial resources and amount to an impermissible exercise of jurisdiction to order discovery when the plaintiff had not adequately alleged jurisdiction in the first place.

On appeal, Lincoln Benefit maintains that its jurisdictional allegations were sufficient and that the District Court erroneously imposed a heightened pleading standard. Only Innovative Brokers filed a brief defending the District Court's decision; neither the LLCs nor any other defendant has chosen to participate in this appeal.[7]

## II. Discussion

### A. General Principles of Diversity Jurisdiction

"The principal federal statute governing diversity jurisdiction, 28 U.S.C. § 1332, gives federal district courts

---

[6] 724 F.3d 337 (3d Cir. 2013).

[7] "We have jurisdiction pursuant to 28 U.S.C. § 1291 over a dismissal for lack of subject matter jurisdiction, and our review for lack of subject matter jurisdiction is plenary." *Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179, 180 (3d Cir. 2008).

6

original jurisdiction of all civil actions 'between . . . citizens of different States' where the amount in controversy exceeds $75,000."[8] For over two hundred years, the statute has been understood as requiring "complete diversity between all plaintiffs and all defendants," even though only minimal diversity is constitutionally required.[9] This means that, unless there is some other basis for jurisdiction, "no plaintiff [may] be a citizen of the same state as any defendant."[10]

"Most rules of citizenship are well established. A natural person is deemed to be a citizen of the state where he is domiciled. A corporation is a citizen both of the state where it is incorporated and of the state where it has its principal place of business."[11] But unlike corporations, unincorporated associations such as partnerships "are not considered 'citizens' as that term is used in the diversity statute."[12] Instead, "the citizenship of partnerships and other

---

[8] *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) (alteration in original) (quoting 28 U.S.C. § 1332).

[9] *Id.* Although challenges to subject-matter jurisdiction may be raised at any time, whether diversity exists is determined by the citizenship of the parties at the time the action is filed. *See Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 570-71 (2004).

[10] *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010).

[11] *Id.* (citations omitted).

[12] *Swiger*, 540 F.3d at 182 (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 187-92 (1990)).

unincorporated associations is determined by the citizenship of [their] partners or members."[13] The state of organization and the principal place of business of an unincorporated association are legally irrelevant.[14] "Accordingly, the citizenship of an LLC is determined by the citizenship of its members."[15] For complete diversity to exist, all of the LLC's members "must be diverse from all parties on the opposing side."[16]

---

[13] *Zambelli*, 592 F.3d at 420; *see also Emerald Investors Trust v. Gaunt Parsippany Partners*, 492 F.3d 192, 200 (3d Cir. 2007). The "one exception" identified by the Supreme Court is "the entity known as a *sociedad en comandita*, created under the civil law of Puerto Rico, [which is] treated as a citizen of Puerto Rico for purposes of determining federal-court jurisdiction." *Carden*, 494 U.S. at 189-90.

[14] *See Carden*, 494 U.S. at 192; *Johnson*, 724 F.3d at 348.

[15] *Zambelli*, 592 F.3d at 420; *see also Johnson*, 724 F.3d at 348.

[16] *Swiger*, 540 F.3d at 185. Depending on the membership structure of the LLC, this inquiry can become quite complicated. "[A]s with partnerships, where an LLC has, as one of its members, another LLC, 'the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be' to determine the citizenship of the LLC." *Zambelli*, 592 F.3d at 420 (quoting *Hart v. Terminex Int'l*, 336 F.3d 541, 543 (7th Cir. 2003)).

## B.      Challenges to Subject-Matter Jurisdiction

The burden of establishing federal jurisdiction rests with the party asserting its existence.[17] "Challenges to subject matter jurisdiction under Rule 12(b)(1) may be facial or factual."[18] A facial attack "concerns 'an alleged pleading deficiency' whereas a factual attack concerns 'the actual failure of [a plaintiff's] claims to comport [factually] with the jurisdictional prerequisites.'"[19]

"In reviewing a facial attack, the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff."[20] By contrast, in reviewing a factual attack, "the court must permit the plaintiff to respond with rebuttal evidence in support of jurisdiction, and the court then decides the jurisdictional issue by weighing the

---

[17] *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006).

[18] *Common Cause of Pa. v. Pennsylvania*, 558 F.3d 249, 257 (3d Cir. 2009) (quoting *Taliaferro v. Darby Twp. Zoning Bd.*, 458 F.3d 181, 188 (3d Cir. 2006)).

[19] *CNA v. United States*, 535 F.3d 132, 139 (3d Cir. 2008) (alterations in original) (quoting *United States ex rel. Atkinson v. Pa. Shipbuilding Co.*, 473 F.3d 506, 514 (3d Cir. 2007)).

[20] *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000).

evidence. If there is a dispute of a material fact, the court must conduct a plenary hearing on the contested issues prior to determining jurisdiction."[21]

If the defendants here had challenged the factual existence of jurisdiction, Lincoln Benefit would have been required to prove by a preponderance of the evidence, after discovery, that it was diverse from every member of both defendant LLCs. Instead, however, the defendants mounted a facial challenge to the adequacy of the jurisdictional allegations in Lincoln Benefit's complaint. We therefore turn to the pleading requirements for diversity jurisdiction.

## C.    Pleading Diversity Jurisdiction

The District Court held that Lincoln Benefit was required to "plead the citizenship of each member of the defendant LLCs and allege that these citizenships differ from that of [Lincoln Benefit]."[22] Although it cited *Johnson v. SmithKline Beecham Corp.*[23] for this proposition, *Johnson* involved a factual challenge to diversity jurisdiction and did not address pleading requirements.

The requirement that a plaintiff plead the basis for federal jurisdiction appears in Federal Rule of Civil Procedure 8(a)(1), which requires the complaint to provide "a

---

[21] *McCann v. Newman Irrevocable Trust*, 458 F.3d 281, 290 (3d Cir. 2006) (citations omitted).

[22] (App. Vol. I at 16.)

[23] 724 F.3d 337.

short and plain statement of the grounds for the court's jurisdiction." Beyond stating that the jurisdictional allegations should be "short and plain," the Rule does not specify the level of detail required to adequately plead the "grounds" for federal jurisdiction. There are, however, a number of other guideposts that we may consult in deciding the issue.[24]

The Appendix to the Rules contains forms that "suffice under the[] rules and illustrate the simplicity and brevity that the[] rules contemplate."[25] Form 7, entitled "Statement of

---

[24] Supreme Court cases predating the Federal Rules of Civil Procedure suggest that a plaintiff must affirmatively plead the citizenship of each member of an unincorporated association. *See Thomas v. Bd. of Trs. of Ohio State Univ.*, 195 U.S. 207, 217-18 (1904); *Great S. Fire Proof Hotel Co. v. Jones*, 177 U.S. 449, 458 (1900); *Chapman v. Barney*, 129 U.S. 677, 681-82 (1889). But the case before us requires us to construe Rule 8, which represented a significant departure from the stringent pleading requirements that preceded it. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 573-76 (2007) (Stevens, J. dissenting); *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512-14 (2002).

[25] Fed. R. Civ. P. 84; *see also Swierkiewicz*, 534 U.S. at 513 n.4. On April 29, 2015, the Supreme Court submitted to Congress its Proposed Amendments to the Federal Rules of Civil Procedure, which abrogate Rule 84 and the accompanying forms. Absent contrary congressional action, these Proposed Amendments will go into effect on December 1, 2015. Given that the forms are currently in effect, we find

11

Jurisdiction," contains sample allegations that establish federal subject-matter jurisdiction.[26] According to these samples, a plaintiff may simply allege that a party is a "citizen of [a certain state]."[27] In the case of a corporation, the state of incorporation and principal place of business should be alleged, as the corporation is a citizen of both states.[28] Form 7 does not, however, show how to plead the citizenship of an unincorporated association. It would certainly be enough to list the states of citizenship of each member of the unincorporated association; even the most convoluted association is, at bottom, made up of natural persons and/or corporations, for which bare allegations of citizenship suffice. But Form 7 does not indicate that such a list is required.

Our precedent is more instructive, as we have previously held that a plaintiff may plead diversity jurisdiction without making affirmative allegations of citizenship. In *Lewis v. Rego Co.*,[29] all of the plaintiffs were Pennsylvania citizens. Three of four defendants filed a removal petition, as the fourth had not yet entered an appearance. The petition affirmatively stated the citizenship of the three defendants who had entered an appearance. In addition, on the basis of information obtained from the fourth

___

it useful to consider them, but we do not rely on them in reaching our ultimate conclusion.

[26] Fed. R. Civ. P. Form 7.

[27] *Id.*

[28] *See id.*; 28 U.S.C. § 1332(c)(1).

[29] 757 F.2d 66 (3d Cir. 1985).

defendant, the petition alleged "on information and belief" that the fourth defendant was not a citizen of Pennsylvania. We held that these allegations sufficed to establish diversity.[30]

Thus, rather than affirmatively alleging the citizenship of a defendant, a plaintiff may allege that the defendant is *not* a citizen of the plaintiff's state of citizenship.[31] Permitting

---

[30] *See id.* at 68-69. The fact that this was a removal case makes no difference, as the relevant language of the removal statute tracks the language of Rule 8(a). *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (2014) (noting that both 28 U.S.C. § 1446(a) and Rule 8(a) require "a short and plain statement of the grounds" for federal jurisdiction); *Lewis*, 757 F.2d at 68 (noting that the version of § 1446(a) then in force required "a short and plain statement of the facts which entitled [the defendant] to removal").

[31] In a later case, we noted that "in a diversity action, the plaintiff must state all parties' citizenships such that the existence of complete diversity can be confirmed." *Chem. Leaman Tank Lines, Inc. v. Aetna Cas. & Sur. Co.*, 177 F.3d 210, 222 n.13 (3d Cir. 1999). Because we did not confront the situation presented in *Lewis*, however, this broad statement cannot be interpreted as implicitly overruling that decision, even if that were possible. *See United States v. Joseph*, 730 F.3d 336, 341 (3d Cir. 2013) (holding that normally we follow the earlier of conflicting decisions).

Separately, we note that in *Lewis* we deemed it permissible to make allegations of citizenship "on information and belief." The motions to dismiss Lincoln Benefit's complaint argued that these sorts of qualified

13

this sort of negative allegation makes good sense. The fact that the plaintiff and defendant do not share a state of citizenship usually establishes diversity.[32] Consequently, it serves little purpose to require the plaintiff to allege the defendant's precise state of citizenship, especially when this would entail a difficult factual investigation prior to filing.[33]

We see no reason why *Lewis* should not apply in the context of unincorporated associations. A State X plaintiff

---

allegations were insufficient. As Innovative Brokers does not renew this argument on appeal, we need not address it. Several Courts of Appeals accept allegations "on information and belief" when the facts at issue are peculiarly within the defendant's possession. *See Carolina Cas. Ins. Co. v. Team Equip., Inc.*, 741 F.3d 1082, 1087 (9th Cir. 2014); *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Co.*, 631 F.3d 436, 442-43 (7th Cir. 2011); *Medical Assur. Co. v. Hellman*, 610 F.3d 371 (7th Cir. 2010); *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010). As Lincoln Benefit argues, and Innovative Brokers concedes, information regarding the membership of the defendant LLCs is uniquely within their possession.

[32] If, however, the other party is an American citizen domiciled abroad, he or she is "stateless" for purposes of the diversity statute and cannot be sued in federal court based on diversity jurisdiction. *See Swiger*, 540 F.3d at 184.

[33] *Cf.* 5 Charles Alan Wright et al., *Federal Practice and Procedure: Federal Rules of Civil Procedure* § 1208 (3d ed., updated 2013) (making a similar argument with respect to alleging the principal place of business of a corporation).

may therefore survive a facial challenge by alleging that none of the defendant association's members are citizens of State X.[34] Significantly, however, the plaintiff is permitted to make such an allegation even if it is not certain of the association's membership. In order to satisfy its obligations under Rule 11, a party must conduct a reasonable inquiry into the facts alleged in its pleadings.[35] Thus, before alleging that none of an unincorporated association's members are citizens of a particular state, a plaintiff should consult the sources at its disposal, including court filings and other public records. If, after this inquiry, the plaintiff has no reason to believe that any of the association's members share its state of citizenship, it may allege complete diversity in good faith. The unincorporated association, which is in the best position to ascertain its own membership, may then mount a factual

---

[34] To be sure, in two cases where unions were parties, we faulted the plaintiffs for asserting complete diversity while failing to identify the unions' members and plead their citizenships. *See Local No. 1 (ACA) Broad. Emps. of the Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am. v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am.*, 614 F.2d 846, 853 (3d Cir. 1980); *Underwood v. Maloney*, 256 F.2d 334, 338-39 (3d Cir. 1958). These cases do not govern the question presented to us, however, as the plaintiffs there did not make negative allegations of the sort we approved in *Lewis* or allege that they could not ascertain the unions' memberships without discovery.

[35] *See Forbes v. Eagleson*, 228 F.3d 471, 488 (3d Cir. 2000).

challenge by identifying any member who destroys diversity.[36]

We believe that allowing this method of pleading strikes the appropriate balance between facilitating access to the courts and managing the burdens of discovery. District courts have the authority to allow discovery in order to determine whether subject-matter jurisdiction exists.[37] Rule 8(a)(1), however, serves a screening function: only those plaintiffs who have provided some basis to believe jurisdiction exists are entitled to discovery on that issue.[38]

---

[36] Of course, where the unincorporated association is the proponent of diversity jurisdiction, there is no reason to excuse it of its obligation to plead the citizenship of each of its members. *See, e.g.*, *Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1088-89 (11th Cir. 2010); *Barclay Square Properties v. Midwest Fed. Sav. & Loan Ass'n of Minneapolis*, 893 F.2d 968, 969 (8th Cir. 1990).

[37] *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 & n.13 (1978); *Johnson*, 724 F.3d at 340 n.1; *Emerald Investors Trust*, 492 F.3d at 208.

[38] *See, e.g.*, *Baer v. United States*, 722 F.3d 168, 177 (3d Cir. 2013) (affirming a Rule 12(b)(1) dismissal and the denial of jurisdictional discovery because the appellant had not adequately alleged subject-matter jurisdiction under the Federal Tort Claims Act). Moreover, although Rule 8(a)(1) does not appear to govern the pleading of personal jurisdiction, *see* Fed. R. Civ. P. Form 7; *Caribbean Broad. Sys., Ltd. v. Cable & Wireless P.L.C.*, 148 F.3d 1080, 1090 (D.C. Cir. 1998); *Stirling Homex Corp. v. Homasote Co.*, 437

The corollary of this principle is that a plaintiff need not allege an airtight case before obtaining discovery.

Depriving a party of a federal forum simply because it cannot identify all of the members of an unincorporated association is not a rational screening mechanism. The membership of an LLC is often not a matter of public record.[39] Thus, a rule requiring the citizenship of each

F.2d 87, 88 (2d Cir. 1971), our decisions in the personal-jurisdiction context also support the notion that jurisdictional discovery is not available merely because the plaintiff requests it. In *Eurofins Pharma US Holdings v. BioAlliance Pharma SA*, for example, we required sufficient allegations of personal jurisdiction in order to prevent "a fishing expedition . . . under the guise of jurisdictional discovery." 623 F.3d 147, 157 (3d Cir. 2010).

[39] Indeed, many cases note the absence of publicly available information regarding the membership of LLCs. *See Carolina Cas. Ins. Co.*, 741 F.3d at 1087; *Rooflifters, LLC v. Nautilus Ins. Co.*, No. 13 C 3251, 2013 WL 3975382, at *4 (N.D. Ill. Aug. 1, 2013); *WMCV Phase, LLC v. Tufenkian Carpets Las Vegas, LLC*, No. 2:12-cv-01454-RCJ, 2013 WL 1007711, at *3 (D. Nev. Mar. 12, 2013); *Pinson v. 45 Dev., LLC*, No. 2:12-CV-02160, 2012 WL 4343494, at *3 (W.D. Ark. Sept. 21, 2012); *Chesapeake Louisiana, LP v. Creamer Prop. Mgmt., LLC*, Civil Action No. 09-cv-0370, 2009 WL 653796, at *1 (W.D. La. Mar. 11, 2009); *Ypsilanti Cmty. Utils. Auth. v. MeadWestvaco Air Sys., LLC*, No. 07-CV-15280, 2008 WL 2397651, at *3 (E.D. Mich. June 9, 2008); *see also* Carter G. Bishop & Daniel S. Kleinberger, *Limited Liability Companies: Tax and Business Law* ¶ 1.03(3)(b)(ii)(A), 1998

member of each LLC to be alleged affirmatively *before* jurisdictional discovery would effectively shield many LLCs from being sued in federal court without their consent. This is surely not what the drafters of the Federal Rules intended.

Moreover, the benefits of such a stringent rule would be modest. Jurisdictional discovery will usually be less burdensome than merits discovery, given the more limited scope of jurisdictional inquiries.[40] It seems to us that in determining the membership of an LLC or other unincorporated association, a few responses to interrogatories will often suffice. So long as discovery is narrowly tailored to the issue of diversity jurisdiction and parties are sanctioned for making truly frivolous allegations of diversity, the costs of this system will be manageable.

We are not the only Court of Appeals to take this position. The Ninth Circuit confronted facts remarkably similar to ours in *Carolina Casualty Insurance Co. v. Team Equipment, Inc.*[41] Carolina Casualty Insurance Co., a citizen of Iowa and Florida, filed a diversity action seeking a declaratory judgment that it was not liable under one of its insurance policies. Two of the defendants were LLCs, but

---

WL 1169338 at *29. The problem is compounded if the LLC (or other unincorporated association) has members that are themselves unincorporated associations, or even many layers of such members. *See Zambelli*, 592 F.3d at 420.

[40] *See In re Auto. Refinishing Paint Antitrust Litig.*, 358 F.3d 288, 303 (3d Cir. 2004).

[41] 741 F.3d 1082.

Carolina did not allege the citizenship of their members. When the district court dismissed the complaint *sua sponte* for lack of jurisdiction, Carolina filed a motion to alter or amend the judgment and submitted a proposed amended complaint.

> Carolina advised the court in its moving papers that it was unable to determine the citizenship of the LLCs, because their organizational filings did not list their members. As a result, Carolina alleged simply that the members of the LLCs were "citizens of neither Iowa nor Florida." . . .
>
> Carolina explained in its motion . . . that it had made efforts to determine the citizenship of the two LLCs . . . but it was unable to do so from publicly available information. The business filings that Carolina submitted to the district court show[ed] that information necessary to determining the citizenship of the LLCs could not be determined from the public filings of those companies.[42]

The district court denied the motion, holding that the proposed amended complaint suffered from the same jurisdictional defect, among others.

On appeal, the Ninth Circuit recognized that "[t]he novel issue presented by this case is how a plaintiff may allege diversity jurisdiction where the facts supporting

---

[42] *Id.* at 1085, 1087.

jurisdiction are not reasonably ascertainable by the plaintiff."[43] It observed that "Carolina made a showing that at least some of the information necessary to establish the diversity of the parties' citizenship was within the defendants' control."[44] And it concluded that, under these circumstances and "at this early stage in the proceedings, a party should not be required to plead jurisdiction affirmatively based on actual knowledge."[45] Accordingly, it held that "it was sufficient for Carolina to allege simply that the defendants were diverse to it" and that "Carolina should have been permitted to plead its allegations on the basis of information and belief."[46]

The decision of the Ninth Circuit is consistent with our view that a plaintiff need not affirmatively allege the citizenship of each member of a defendant LLC if it is unable to do so after a reasonable investigation.[47] If the plaintiff is

---

[43] *Id.* at 1087.

[44] *Id.*

[45] *Id.*

[46] *Id.*

[47] *But see Fifty Assocs. v. Prudential Ins. Co. of Am.*, 446 F.2d 1187, 1190-91 (9th Cir. 1970) (citing *Underwood* and other authorities for the proposition that "[t]he citizenship of each member of an unincorporated association must be alleged" and rejecting as "mere guesswork" the plaintiff's allegations that unknown John Doe defendants were not citizens of its state of citizenship). Otherwise, we are not aware of any Court of Appeals decision that expressly rejects the argument Lincoln Benefit makes here—that where the

20

able to allege in good faith that the LLC's members are not citizens of its state of citizenship, its complaint will survive a facial challenge.

## D. The Sufficiency of Lincoln Benefit's Allegations of Diversity

Lincoln Benefit's allegations satisfy this standard. Taken together, the complaint and opposition to the motions to dismiss indicate that Lincoln Benefit has a good-faith basis for alleging that the LLC defendants' members are not citizens of Nebraska.

We will exercise our discretion to consider what Lincoln Benefit said to the District Court in opposition to the motions to dismiss. Normally, "[i]n reviewing a facial attack, the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff."[48] Affidavits and briefs in opposition do not fall in this category. But Lincoln Benefit could have amended its complaint to include the information

membership of a defendant association is not reasonably ascertainable, the plaintiff is excused from identifying each member of that association.

[48] *Gould Elecs. Inc.*, 220 F.3d at 176.

contained in those documents,[49] and we have the authority to permit such amendment on appeal.[50]

The information provided by Lincoln Benefit indicates that (1) the LLC defendants have connections to New York and Delaware; (2) counsel for Lincoln Benefit conducted a reasonable inquiry to determine the membership of the LLC defendants but found nothing of value; and (3) counsel for Lincoln Benefit found no connection between the LLC defendants and Nebraska. On the basis of this information, Lincoln Benefit alleges that none of the LLCs' members are citizens of Nebraska.

It is certainly possible that two LLCs organized and based in New York and Delaware have at least one member domiciled in Nebraska. This scenario is not so overwhelmingly likely, however, that Lincoln Benefit's allegation to the contrary can be considered frivolous, especially when there is no indication that either LLC has any ties to Nebraska.

Lincoln Benefit has alleged complete diversity in good faith, and this is enough to survive a facial attack. If defendants mount a factual challenge to jurisdiction on

---

[49] We do not fault Lincoln Benefit for failing to move to amend. Given the District Court's opinion, it would have been futile to add this information to the complaint.

[50] *See* 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts.").

remand, however, the District Court must permit jurisdictional discovery in order to ascertain whether complete diversity exists.

## III. Conclusion

For the foregoing reasons, we will vacate the District Court's order dismissing the complaint and remand for further proceedings.

Lincoln Benefit Life Co. v. AEI Life, LLC, et al.
No. 14-2660

_____

AMBRO, <u>Circuit Judge</u>, with whom FUENTES and ROTH, <u>Circuit Judge</u> join, concurring.

As we are unanimous in the Court's opinion, we are as well in this concurrence urging the Supreme Court, when defining the citizenship of limited liability companies (LLCs), to return to the path it started to mark for unincorporated business organizations in *Puerto Rico v. Russell & Co.*, 288 U.S. 476, 480 (1933). In its more recent punt to Congress of all questions relating to the citizenship of business associations, the Court recognized that it laid down a rule "unresponsive to policy considerations raised by the changing realities of business organization." *Carden v. Arkoma Associates*, 494 U.S. 185, 196 (1990). As Congress has not accepted the invitation of the Court to craft a workable law of business citizenship, the latter should step into the breach.

There is no good reason to treat LLCs differently from corporations for diversity-of-citizenship purposes. A corporation is an entity that exists in law for the benefit of its owners—shareholders. Principal features of corporations include limited liability, access to equity markets, and the directors' fiduciary obligations of care and loyalty to stockholders.

An LLC—an entity owned by members often referred to as unitholders—is in most respects similar to a corporation. Among the primary differences are that there are far fewer statutory default rules for LLCs (for example, "[t]he Delaware statute does not provide any manager or member standards of conduct [with respect to fiduciary duties] and

1

instead defers to the operating agreement," Wayne M. Gazur, *The Limited Liability Company Experiment: Unlimited Flexibility, Uncertain Role*, 58 L. & Contemp. Probs. 135, 151 (1995)), and an LLC can elect to be taxed as a partnership or a corporation.

What do these differences have to do with diversity of citizenship? Nothing. The kinds of business activities that can be carried on by LLCs are identical to those in which corporations may engage. 6 Del. Code § 18–106. And by picking corporate-style default rules in a membership agreement, an LLC could function in exactly the same way as a corporation for all purposes *except* diversity of citizenship.

Just as treating LLCs as citizens of every state of which its members are citizens defies logic, it also takes the wrong lesson from our experience of assigning citizenship to business organizations. Under *Bank of United States v. Deveaux*, 9 U.S. (5 Cranch) 61, 86, 91–92 (1809), corporations were citizens of each state where each stockholder was a citizen. By 1844, the Supreme Court recognized the impracticality of that rule and held that a corporation is a citizen of the state in which it is incorporated. *Louisville, C. & C.R. Co. v. Letson*, 43 U.S. (2 How.) 497, 558 (1844). That rule remained unchanged until 1958 when Congress added in 28 U.S.C. § 1332(c) that corporations are also citizens of their principal places of business. *See Carden*, 494 U.S. at 196.

*Carden*, where the Supreme Court held that unincorporated associations are citizens of the states where their members are citizens, came down in 1990, when LLCs, then a creature of only some states' laws, languished in "near obscurity." Rodney D. Chrisman, *LLCs Are the New King of the Hill: An Empirical Study of the Number of New LLCs, Corporations, and LPs*, 25 Fordham J. Corp. & Financial L.

2

459, 460 (2010).  At the time of *Carden*, the Internal Revenue Service's ruling that an LLC could be taxed as a partnership was just two years old, *see* Rev. Ruling 88-76, and it was not until 1996 that every state had an LLC law.  Just as when *Deveaux* was decided in 1809, the Court in 1990 could not have predicted the unwieldiness of its rule.  But since the turn of the millennium, LLCs have become the dominant vehicle for doing business in the United States, and LLC formation outpaces corporation formation by a wide margin.  *See*, *e.g.* Chrisman, *supra*, at 460.  We need a *Letson* for the LLC era, and we urge the Supreme Court to write it.

To see why it is impractical to require investigation into the citizenship of every member of any LLC, consider trying to sue Linn Energy, LLC, in federal court for a state-law violation.  As of the last available information we reviewed, Linn is traded on the NASDAQ exchange, has a market capitalization of $902 million, and has 355.2 million outstanding units.  The LLC is 40% owned by insiders; the remaining membership is dispersed.  Approximately 240 institutional unitholders combine to own a mere 10% of the company.  To identify Linn's citizenship, we need to know the citizenship of all those unitholders, many of which are undoubtedly LLCs themselves with their own unwieldy structure—and we still have 50% of the units to account for.  Would it not make more sense simply to ask where Linn was formed (Delaware) and where its principal place of business is located (Texas)?

The Court opened the door to a sensible understanding of corporate citizenship, one that would not require discovery and time-consuming inquiries into corporate structure, in *Russell*, when it analyzed the *sociedad en comandita*, an unincorporated business association formed under the laws of Puerto Rico.  Although the Court noted the difference between legal personality in the common and civil-law

3

contexts, it took a functional approach to deciding whether a business form was a juridical person and thus had citizenship in the place it was formed (as opposed to borrowing its citizenship(s) from its members).  The Court wrote:

> In the law of its creation, the sociedad is consistently regarded as a juridical person. It may contract, own property, and transact business, sue and be sued in its own name and right. . . .  It is created by articles of association filed as public records.  Where the articles so provide, the sociedad endures for a period prescribed by them, regardless of the death or withdrawal of individual members.  Powers of management may be vested in managers designated by the articles from among the members whose participation is unlimited, and they alone may perform acts legally binding on the sociedad. Its members are not primarily liable for its acts and debts, and its creditors are preferred with respect to its assets and property over the creditors of individual members, although the latter may reach the interests of the individual members in the common capital. . . . These characteristics under the Codes of Puerto Rico give content to their declaration that the sociedad is a juridical person. That personality is so complete in contemplation of the law of Puerto Rico that we see no adequate reason for holding that the sociedad has a different status for purposes of federal jurisdiction than a corporation organized under that law.  In neither case may nonresidents of Puerto Rico, who have taken advantage of its laws to organize a juridical entity for the purpose of carrying on

4

> business there, remove from the insular courts controversies arising under local law.

*Russell*, 288 U.S. at 481–82 (citations omitted). Replace "sociedad" with "LLC," and "Puerto Rico" with any state under which an LLC is formed, and none of the opinion's logic is lost.

The law of citizenship for unincorporated associations receives frequent criticism. *Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 360–61 & n.28 (3d Cir. 2013) (Ambro, J., concurring in part and concurring in the judgment) (citing Christine M. Kailus, Note, *Diversity Jurisdiction and Unincorporated Businesses: Collapsing the Doctrinal Wall*, 2007 U. Ill. L. Rev. 1543; Debra R. Cohen, *Limited Liability Company Citizenship: Reconsidering an Illogical and Inconsistent Choice*, 90 Marq. L. Rev. 269 (2006); Robert J. Tribeck, *Cracking the Doctrinal Wall of Chapman v. Barney: A New Diversity Test for Limited Partnerships and Limited Liability Companies*, 5 Widener J. Pub. L. 89 (1995)). We add that the criticism is apt: there is no reason to treat LLCs differently from corporations merely because their organic statutes have some distinctions and they are subject to different tax regimes. Despite some cracks in *Carden*'s wall—circuit courts are divided over how to determine the citizenship of trusts, and some circuits treat professional corporations, which function much like LLCs, as traditional corporations, *see* Wright, Miller, et al., 13F Fed. Prac. & Proc. § 3630.1 (3d ed. 2015))—it remains a formidable bulwark against a coherent policy with respect to the citizenship of LLCs. We thus urge the Supreme Court to bring back *Russell*'s approach.

5