**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2479
_____

REECON NORTH AMERICA LLC,
FKA Brand Marketing Group LLC,
                    Appellant

v.

DU-HOPE INTERNATIONAL GROUP;
REECON M & E CO. LTD.

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(No. 2-18-cv-00234)
District Judge:  Honorable Joy Flowers Conti

_____

Submitted under Third Circuit L.A.R. 34.1(a) on March 6, 2020

Before: SMITH, *Chief Judge*, HARDIMAN and KRAUSE, *Circuit Judges*

(Opinion filed: March 9, 2020)

_____

OPINION[*]

_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

KRAUSE, *Circuit Judge*.

Reecon NA, an American vendor of space heaters, appeals from an order dismissing its action for breach of contract and breach of warranty against Du-Hope and Reecon M&E, a Chinese export agent and Chinese manufacturer, for lack of jurisdiction. We determine that we have neither federal question nor diversity jurisdiction and will therefore affirm.[1]

Reecon NA's federal-question jurisdiction argument requires it to show that it entered a contract for the sale of goods with Du-Hope. But the District Court's factual findings demonstrate no such contract existed: Reecon NA purchased its heaters from Reecon M&E; Du-Hope dealt with Reecon NA as a representative of Reecon M&E; and Reecon NA knew that Reecon M&E was the seller. Reecon NA has not challenged these findings and we are bound by them.

Reecon NA's diversity jurisdiction argument requires it to show that it is a Pennsylvania firm and thus diverse from Reecon M&E and Du-Hope. But the parties' contract embraced an agreement that the Chinese heads of Reecon M&E and Du-Hope would become members of Reecon NA—rendering Reecon NA a Chinese citizen, *see Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015). While

---

[1] We "always ha[ve] jurisdiction to determine [our] jurisdiction." *Orie v. Dist. Att'y Allegheny Cty.*, 946 F.3d 187, 190 n.7 (3d Cir. 2019) (citation omitted). In jurisdictional cases, we review legal rulings de novo and factual findings for clear error. *Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 345 (3d Cir. 2013). "The burden of establishing federal jurisdiction rests with the party asserting its existence." *Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015).

Reecon NA argues that the agreement never went into effect because two conditions did not occur—the agreement was not executed and no closing took place—it waived those conditions by instructing the heads of Reecon M&E and Du-Hope not to sign the agreement, which it never even sent them, and holding them out as members. *See Amirsaleh v. Bd. of Trade*, 27 A.3d 522, 529–30 (Del. 2011). Reecon NA is thus a Chinese firm and not diverse from Reecon M&E and Du-Hope.

For the foregoing reasons, we will affirm the judgment of the District Court.