**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-3051
_____

HELENA SMITH,
                              Appellant

v.

ALLIED RETAIL PROPERTIES
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil Action No. 1-17-cv-01606)
District Judge:  Honorable Richard G. Andrews
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
May 1, 2020
Before:  SHWARTZ, RESTREPO, and NYGAARD, Circuit Judges

(Opinion filed: May 1, 2020)
_____

OPINION[*]
_____

PER CURIAM

        Pro se appellant Helena Smith appeals from the District Court's order dismissing

her second amended complaint for lack of subject matter jurisdiction.  For the reasons

discussed below, we will affirm.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not

I.

Because we write primarily for the parties, we will recite only the facts necessary for our discussion. In November 2017, Smith filed a complaint in the District Court, seeking to recover damages for injuries that she suffered after falling at the Concord Mall in Wilmington, Delaware. Smith named William Nutter, a Delaware resident, as the defendant. Although Smith provided a Pennsylvania address for herself in the caption of the complaint, she stated in an exhibit that she was a Delaware resident. Nutter moved to dismiss the complaint for lack of subject matter jurisdiction because the complaint did not present a federal question and the parties were not diverse.

Smith responded that she had lived in Delaware for over 7 years, but that she was recently forced to leave her Dover, Delaware residence in order to obtain help from her family in Philadelphia, Pennsylvania. But her records and belongings remained in Delaware, and, as of March 30, 2018, she had returned to a new address in Wilmington, Delaware, where she had purchased a home. Records provided by Smith indicated that she applied for a loan for the purchase of a Wilmington home in December 2017.

The District Court dismissed the complaint, without prejudice, for lack of subject matter jurisdiction, finding that Smith had failed to establish diversity of citizenship. Smith then filed a one-page amended complaint and named the Zurich Insurance Company as the defendant. The District Court dismissed that complaint, without prejudice, explaining that Smith failed to provide any facts to support a claim against Zurich. In October 2018, Smith filed a second amended complaint, this time naming

constitute binding precedent.

2

Allied Retail Properties, a Delaware citizen, as the defendant. Allied moved to dismiss the complaint for lack of subject matter jurisdiction. The District Court, again finding that Smith had failed to establish diversity of citizenship, granted the motion and dismissed the complaint without leave to amend and without prejudice to Smith's filing an action in state court. This appeal ensued.

## II.

We have jurisdiction under 28 U.S.C. § 1291. We review de novo the District Court's dismissal for lack of subject matter jurisdiction. See Metropolitan Life Ins. Co. v. Price, 501 F.3d 271, 275 (3d Cir. 2007). "Under that standard, we review determinations of law de novo, but a court's factual findings regarding domicile or citizenship are reviewed for clear error." Johnson v. SmithKline Beecham Corp., 724 F.3d 337, 345 (3d Cir. 2013). "When reviewing for clear error, an appellate court 'must accept the trial court's findings' unless it is 'left with the definite and firm conviction that a mistake has been committed.'" Id. (quoting Inwood Labs., Inc. v. Ives Labs., Inc., 456 U.S. 844, 855, (1982)).

## III.

A district court has diversity jurisdiction over state-law claims, such as the claims that Smith brought here, if the amount in controversy exceeds $75,000 and there is complete diversity amongst the parties. See 28 U.S.C. § 1332(a). Complete diversity means that "no plaintiff can be a citizen of the same state as any of the defendants." Johnson, 724 F.3d at 346 (quotation marks and citation omitted). When pleading diversity jurisdiction, a plaintiff must allege, in good faith and after reasonable

3

investigation, that each defendant is a citizen of a different state from his. See Lincoln Ben. Life Co. v. AEI Life, LLC, 800 F.3d 99, 106 (3d Cir. 2015). "Citizenship is synonymous with domicile, and the domicile of an individual is his true, fixed and permanent home and place of habitation." McCann v. Newman Irrevocable Tr., 458 F.3d 281, 286 (3d Cir. 2006) (internal quotation marks omitted). "A corporation is a citizen both of the state where it is incorporated and of the state where it has its principal place of business." Lincoln, 800 F.3d at 104. "We determine the citizenship of the parties based on the relevant facts at the time the complaint was filed." Washington v. Hovensa LLC, 652 F.3d 340, 344 (3d Cir. 2011).

Here, the District Court properly determined that it lacked diversity jurisdiction.[1] As the District Court explained, Smith alleged (at least in her original complaint) that she is a citizen of Delaware, that she had lived in Delaware for over seven years preceding the complaint, that she was applying for a loan for the purchase of a Delaware home around the same time that the November 2017 complaint was filed, and that she had purchased and moved into her home in Wilmington, Delaware when she filed her amended complaints in 2018. To the extent that Smith alleged that she was a Pennsylvania citizen based on her brief stint living with family in Philadelphia, the District Court properly determined that she did not meet her burden of establishing Pennsylvania citizenship. See McCann, 458 F.3d at 286. Thus, the District Court

---

[1] Smith did not bring any federal claims or allege that the District Court had federal question jurisdiction under 28 U.S.C. § 1331.

4

properly determined that it lacked diversity jurisdiction and dismissed Smith's complaints

for lack of subject matter jurisdiction.[2]

Accordingly, we will affirm the judgment of the District Court.[3]

---

[2] Because Smith was granted leave to amend her complaint on multiple occasions and was provided with guidance as to the information that an amended complaint should contain, the District Court properly dismissed the second amended complaint without leave to amend and without prejudice to Smith's filing an action in state court. See generally Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

[3] As Smith's notice of appeal, Exhibit 3, and Exhibit 4 contain confidential health and financial records, Smith's motion to seal those documents is granted. See 3d Cir. L.A.R. 106.1; In re Cendant Corp., 260 F.3d 183, 194 (3d Cir. 2001).