**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-1062
_____

JEFFREY GIBSON,
                                        Appellant

v.

OFFICE OF ATTORNEY GENERAL; UPMC PINNACLE HEALTH
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1-20-cv-01362)
District Judge:  Honorable Jennifer P. Wilson
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 8, 2021
Before:  GREENAWAY, JR., KRAUSE, and BIBAS, Circuit Judges

(Opinion filed:  June 21, 2021)
_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Appellant Jeffrey Gibson filed a federal complaint against a healthcare center and the Attorney General of Pennsylvania in which he alleged that the healthcare center gave an unauthorized and deadly dosage of morphine to his mother. He claimed that the healthcare center then refused to provide him with a certificate of death (although it did so during the pendency of the action). As a remedy, Gibson sought money damages and asked that the Court order the Pennsylvania Attorney General to initiate an investigation into the operations of the healthcare center.

The District Court issued an order asking Gibson to show cause as to why the case should not be dismissed for lack of subject matter jurisdiction. After Gibson responded, stating only that the action "comes under the federal laws and the United States Constitutional Bill of Rights," the District Court dismissed the case without prejudice, reasoning that neither federal question nor diversity jurisdiction existed. This timely pro se appeal followed.

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's dismissal for lack of subject matter jurisdiction. FOCUS v. Allegheny Cnty. Ct. of Common Pleas, 75 F.3d 834, 839-40 (3d Cir. 1996).

To have subject matter jurisdiction, a District Court must be able to exercise either federal question jurisdiction or diversity jurisdiction.[1] See 28 U.S.C. §§ 1331, 1332. As

---

[1] The District Court properly considered its subject matter jurisdiction sua sponte, see Fed. R. Civ. P. 12(h)(3), after giving Gibson an opportunity to be heard on the issue, see Neiderhiser v. Borough of Berwick, 840 F.2d 213, 216 n.6 (3d Cir. 1988).

the plaintiff in this case, Gibson was required to plead the grounds for jurisdiction. See

Fed. R. Civ. P. 8(a)(1); Lincoln Ben. Life Co. v. AEI Life, LLC, 800 F.3d 99, 106 (3d

Cir. 2015). Pursuant to 28 U.S.C. § 1332(a)(1), federal district courts have subject matter

jurisdiction when there is diversity of citizenship between the parties and the amount in

controversy exceeds $75,000. To establish diversity of citizenship, "diversity must be

complete; that is, no plaintiff can be a citizen of the same state as any of the defendants."

Midlantic Nat'l Bank v. Hansen, 48 F.3d 693, 696 (3d Cir. 1995). Here, the District

Court concluded that all parties are citizens of Pennsylvania. ECF No. 7 at 1. Gibson has

not challenged that conclusion in his brief, and we see no basis to make such a challenge.

Nor has Gibson shown subject matter jurisdiction based on a federal question

pursuant to 28 U.S.C. § 1331. For federal question jurisdiction to exist, "the party

asserting jurisdiction must satisfy the 'well-pleaded complaint rule,' which mandates that

the grounds for jurisdiction be clear on the face of the pleading that initiates the case."

Goldman v. Citigroup Glob. Mkts. Inc., 834 F.3d 242, 249 (3d Cir. 2016). Gibson did

not refer to any federal law in his complaint. While Gibson claimed in his supplement

and on appeal that "federal laws on killing [were] not upheld" and that the Bill of Rights

was violated, these conclusory assertions are insufficient to invoke federal jurisdiction.

See, e.g., Fabrica de Muebles J.J. Alvarez, Incorporado v. Inversiones Mendoza, Inc., 682

F.3d 26, 33-34 (1st Cir. 2012).[2]

---

[2] It appears that Gibson sought to bring claims of wrongful death or medical malpractice, which arise under state law. See, e.g., 42 Pa. Cons. Stat. § 8301 (wrongful death);

Accordingly, we will affirm the judgment of the District Court.

Toogood v. Owen J. Rogal, D.D.S., P.C., 824 A.2d 1140, 1145 (Pa. 2003) (medical malpractice).  And to the extent that Gibson sought to impose criminal liability on the defendants, he lacked standing to do so.  See Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973).