**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-2699
_____

JONATHAN VANLOAN,
Appellant

v.

NATION OF ISLAM; LOUIS FARRAKHAN; TONY MUHAMMED; CITY OF
SANTA ANA CALIFORNIA; LYSETTE MURILLO; GIL ANDRES; DAVID
VALENTIN; JASON VIRAMONTES; KENNETH GOMINSKY; ENRIQUE
ESPARZA; ERIC PAULSON; MARTHA GUILLEN; NORMAN SBABO; MARK
PEREZ; MANUEL VERDIN; DAVID REYES; BENITA ESPARZA; LETICIA
CAUBLE; VINCENT RODRIGUEZ; DANIEL GARCIA; IUPELI MANEAFAIGA;
RUBEN CAMPOS; ERNEST VILLEGAS; CHELSEA RAMIREZ; CLAUDIA
AUDELO; OMAR PEREZ; VICTOR MOYAO; SUSAN THOMAS REED; MICHELLE
MONREAL; SANDRA GALLEGOS; TERESA RUELAS; LUIS GARCIA; VINCENT
GALAZ; LAURA SANTOS; MARY RODRIGUEZ; VANESSA CLARKSON;
ANDREW HERRERA; FRANCISCO JUAREZ; RICK ZAVALA; EDGAR PEREZ;
MELANIE QUINGAIZA; SAMUEL RIVERA; PEDRO LUNA; CAROLINE
CONTRERAS; GUSTAVO RIVERA; CLAUDIA SMITH; MELINDA MENDOZA;
MARGO TODD; CODY MCCOY; MIGUEL PULIDO; DAVID PENALOZA; PHILLIP
BACERRA; VICENTE SARMIENTO; JUAN VILLEGAS; JOSE SOLORIO; SANTA
ANA POLICE OFFICERS ASSOCIATION, INC; CITY OF FOUNTAIN VALLEY
CALIFORNIA; KEVIN CHILDE; RICARDO CENDEJAS; SHERWIN BURGOS;
PROVIDENCE HEALTH & SERVICES, INC; RODNEY F. HOCHMAN, M.D.; M.D.
JAMES PIEROG; M.D. AMY COMPTON PHILLIPS; DOE DEFEDANTS 1-50
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-20-cv-06112)
District Judge: Honorable Wendy Beetlestone
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
June 16, 2022

Before:  GREENAWAY, JR., PORTER, and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed August 2, 2022)
_____

OPINION[*]
_____

PER CURIAM

Appellant Jonathan VanLoan appeals from the District Court's order dismissing his complaint with prejudice.  For the reasons that follow, we affirm.

VanLoan filed the operative amended complaint against defendants, the Nation of Islam, the City of Santa Ana, California, Providence Health & Services Inc., and several individuals associated with those entities, alleging that defendants have engaged in a seven-year conspiracy to murder him.  According to VanLoan, the conspiracy began in December 2013, after VanLoan sent his girlfriend a text message where he used a racial slur to describe an acquaintance, Vince Allen.  Allen, who is a member of the Nation of Islam, showed the message to his minister who designated VanLoan a "Person of Interest" – i.e., an individual the Nation of Islam intends to kill.  VanLoan alleged defendants violated, among other things, his right to freely exercise his religion and his right to equal protection under law and raised claims of battery, assault, and false imprisonment.  He seeks relief under 42 U.S.C. § 1983 and California tort law.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Some, but not all, defendants moved in groups to dismiss the complaint because the District Court lacked subject matter jurisdiction over the § 1983 claim, see Fed. R. Civ. P. 12(b)(1), and because the tort claims failed to state a claim for relief, see Fed. R. Civ. P. 12(b)(6). The District Court granted the motions to dismiss and dismissed the complaint with prejudice, noting that amendment would be futile. Thereafter, pursuant to VanLoan's request, the District Court dismissed the remaining defendants without prejudice.[1] This timely appeal followed.

We have jurisdiction pursuant to 28 U.S.C. § 1291.[2] We review de novo the District Court's grant of the motion to dismiss pursuant to Rule 12(b)(6), and the District Court's dismissal for lack of subject matter jurisdiction under Rule 12(b)(1). See Newark Cab Ass'n v. City of Newark, 901 F.3d 146, 151 (3d Cir. 2018) (12(b)(6) standard); Davis v. Wells Fargo, 824 F.3d 333, 346 (3d Cir. 2016) (12(b)(1) standard). We will affirm the District Court's dismissal of the complaint.

A complaint may be dismissed under Rule 12(b)(1) "only if [the claim raised therein] clearly appears to be immaterial and made solely for the purpose of obtaining

---

[1] Those defendants are the Nation of Islam, Louis Farrakhan, Tony Muhammed, Juan Villegas, the Santa Ana Police Officers Association, Inc., and the Doe Defendants. See ECF No. 75.

[2] After the District Court entered the with-prejudice dismissal order, VanLoan voluntarily dismissed the claims against the remaining defendants. The District Court's with-prejudice dismissal order is a final and appealable order that this Court has jurisdiction to consider. See In re Merck & Co. Sec., Derivative & ERISA Litig., 493 F.3d 393, 399 (3d Cir. 2007) (noting that a with-prejudice dismissal order is final and appealable); Camesi v. Univ. of Pittsburgh Med. Ctr., 729 F.3d 239, 246 (3d Cir. 2013) (explaining that a plaintiff's voluntary dismissal of claims against parties can render an adjudication on the merits a final and appealable order).

jurisdiction or is wholly insubstantial and frivolous." Gould Elecs. Inc. v. United States, 220 F.3d 169, 178 (3d Cir. 2000) (internal quotation marks omitted). While VanLoan's complaint purported to rely on 42 U.S.C. § 1983, his allegations do not implicate a federal right. VanLoan's purported § 1983 claim – that, for seven years, over fifty individuals have conspired to murder him for sending a text message with a racial slur – is "wholly insubstantial and frivolous," and the District Court's dismissal of that claim for lack of jurisdiction was proper.

As for the state law claims, the District Court properly concluded that it had jurisdiction to consider those claims under § 1332(a), as VanLoan is a citizen of Pennsylvania, none of the defendants is a citizen of Pennsylvania, and the amount in controversy exceeded $75,000. See Golden v. Golden, 382 F.3d 348, 355 (3d Cir. 2004); Lincoln Benefit Life Co. v. AEI Life, LLC, 800 F.3d 99, 107 (3d Cir. 2015) (explaining that a plaintiff can allege that the defendants are not citizens of plaintiff's state of citizenship to establish diversity). As the District Court noted, VanLoan's tort claims were based on conjecture. Indeed, other than his vague conspiracy allegations, he pointed to no specific facts establishing that defendants attempted to harm him. Because the allegations are completely devoid of possible merit, VanLoan cannot prove any set of facts would entitle him to relief. Accordingly, dismissal of those claims under Rule 12(b)(6) was proper. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). So, too, was dismissal of the complaint with prejudice. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). Although VanLoan contests the dismissal of his claims, he

has not provided any additional factual allegations that suggest that his claims should be allowed to proceed.

Finally, we have considered VanLoan's various arguments in his appellate brief and conclude that they lack merit. He merely rehashes the arguments he pressed in the District Court. We have also considered VanLoan's documents in support of his appeal filed on June 3 and June 29, 2022. Those documents do not affect the outcome of this appeal. Accordingly, we will affirm the judgment of the District Court.