**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1269
_____

RONALD SATISH EMRIT,
                                                Appellant

v.

SEAN P. DIDDY COMBS; BAD BOY ENTERTAINMENT; ATLANTIC RECORDS
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:24-cv-00129)
District Judge:  Honorable Nitza I. Quiñones Alejandro
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 30, 2024
Before:  BIBAS, PORTER, and MONTGOMERY-REEVES, <u>Circuit</u> <u>Judges</u>

(Opinion filed: May 31, 2024)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Ronald Satish Emrit appeals pro se from an order of the United States District Court for the Eastern District of Pennsylvania that sua sponte rejected claims in a complaint brought against Sean "P. Diddy" Combs, Bad Boy Entertainment, and Atlantic Records. For the reasons that follow, we will affirm.

Emrit's pro se complaint purported to raise three claims. First, Emrit alleged that Combs "has become a public nuisance" because billboards featuring his image "on the streets and highways are an 'eye sore' . . . given his newfound status as a sexual predator." (ECF 2, at 5-6 of 22.) Emrit's second claim, which he appeared to bring on his own behalf and on behalf of third party individuals, asserted that the defendants "have committed . . . tortious interference with business relations by continuing to enable a sexual predator such as . . . [Combs] to conduct business in places of public accommodation." (Id. at 6.) Finally, in his third claim, Emrit referenced "products liability torts of design defect[,]" claiming that the defendants "allow[ed] . . . Combs to represent" various companies "at department stores like Macy's." (Id. at 6.) He asserted that "this proceeding involves a discussion of Title VII of the Civil Rights Act of 1964, Americans with Disabilities Act of 1990, Equal Protection Clause, Due Process Clause, Fourth Amendment, and Privileges and Immunities Clause." (Id. at 3.) As relief, Emrit sought $45 million in damages and an order "mandating that . . . Bad Boy Entertainment file for involuntary bankruptcy" and "establish[ing] a receivership for creditor and/or equity-holders." (Id. at 8.)

2

The District Court granted Emrit's motion to proceed in forma pauperis (IFP) but dismissed the complaint. In particular, to the extent that Emrit asserted claims on behalf of third parties, the District Court dismissed them without prejudice. With respect to the remaining claims brought on his own behalf, the District Court dismissed the federal law claims with prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii) and dismissed the state law claims without prejudice for lack of jurisdiction.[1] Emrit timely filed a notice of appeal.

We have jurisdiction pursuant to 28 U.S.C. § 1291. See G.W. v. Ringwood Bd. of Educ., 28 F.4th 465, 468 (3d Cir. 2022) (holding that a dismissal without prejudice for lack of subject matter jurisdiction is a final decision under § 1291); Pa. Family Inst., Inc. v. Black, 489 F.3d 156, 162 (3d Cir. 2007) (per curiam). We exercise plenary review of the sua sponte dismissal of a complaint under § 1915(e). See Dooley v. Wetzel, 957 F.3d 366, 373 (3d Cir. 2020).

We see no error in the District Court's disposition of this case. First, the District Court correctly held that to the extent that Emrit attempted to bring claims on behalf of third party individuals, he could not do so as a non-attorney. See Osei-Afriyie v. Med. Coll. of Pa., 937 F.2d 876, 882-83 (3d Cir. 1991) (holding that a non-lawyer parent

---

[1] The District Court also directed Emrit to show cause why he should not be subject to a prefiling injunction, given his "long and disturbing history of abusing the privilege of being granted [IFP] status in federal courts to pursue frivolous, non-meritorious, and/or repetitive claims for which he has been sanctioned by other courts." Emrit failed to respond to the show cause order. Thereafter, the District Court entered a filing injunction. Emrit has not filed an amended notice of appeal from that order.

cannot represent interests of his children).[2]  Next, we discern no error in the District

Court's rejection of Emrit's Title VII and ADA claims because he did not plausibly

allege that the defendants discriminated against him in a way prohibited by those statutes.

See 42 U.S.C. § 2000e-2 (describing discriminatory practices prohibited by Title VII).

42 U.S.C. § 12112(b) (outlining discriminatory practices prohibited by the ADA).

Furthermore, the District Court correctly dismissed Emrit's constitutional claims, as none

of the defendants are state actors subject to suit under 42 U.S.C. § 1983.  See Benn v.

Universal Health Sys., 371 F.3d 165, 169-70 (3d Cir. 2004).  With respect to claims that

Emrit sought to bring under state law, the District Court acted within its discretion in

declining to exercise supplemental jurisdiction over them.  See 28 U.S.C. § 1367(c)(3);

Figueroa v. Buccaneer Hotel Inc., 188 F.3d 172, 181 (3d Cir. 1999).  And because Emrit

failed to establish complete diversity of citizenship between the parties, no independent

basis for jurisdiction over his state law claims existed.[3]  See 28 U.S.C. § 1332(a);

McCann v. Newman Irrevocable Tr., 458 F.3d 281, 286 (3d Cir. 2006) (stating that "[t]he

---

[2] Nor can Emrit recover for injuries allegedly suffered by third parties.  See generally Powers v. Ohio, 499 U.S. 400, 410-11 (1991).

[3] Emrit stated that he is a resident of Florida and Maryland, spending half of the year in each location, but he provided a mailing address in Florida.  Cf. Wachovia Bank v. Schmidt, 546 U.S. 303, 318 (2006) (stating that "[a]n individual who resides in more than one State is regarded, for purposes of federal subject-matter (diversity) jurisdiction, as a citizen of but one State").  He failed, however, to make affirmative allegations of the defendants' citizenship or to even assert that the defendants are "*not . . .* citizen[s] of [his] state of citizenship."  Lincoln Benefit Life Co. v. AEI Life, LLC, 800 F.3d 99, 107 (3d Cir. 2015).

4

party asserting diversity jurisdiction bears the burden of proof"). Given the nature of Emrit's filings in the District Court and in this Court, we conclude that providing him with leave to amend his complaint would have been futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). The arguments that Emrit raises in his brief on appeal are unavailing.

For the foregoing reasons, we will affirm the judgment of the District Court.