**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-2829
_____

ABDULJABBAR ABDUL MALIK,
                                        Appellant

v.

CABOT OIL & GAS CORPORATION; PATTERSON UTI DRILLING COMPANY;
ABC CORPS 1-5; JOHN DOES 1-5.
_____

Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 2-15-cv-7078)
District Judge: Honorable Madeline C. Arleo
_____

Submitted under Third Circuit LAR 34.1(a)
January 24, 2017

Before:  CHAGARES, RESTREPO, and ROTH, *Circuit Judges*

(Opinion Filed: September 26, 2017)

_____

OPINION[*]
_____

RESTREPO, *Circuit Judge*

---

[*] This disposition is not an Opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

This action arises out of a slip and fall accident that occurred on a drilling platform in Montrose, Pennsylvania. Abduljabbar Abdul Malik appeals from the District Court's Order granting appellees' respective motions to dismiss for lack of personal jurisdiction. For the reasons which follow, we affirm.

## I.[1]

Malik alleges that on or about February 14, 2014, while in the course and scope of his employment with appellee Patterson UTI Drilling Company ("Patterson"), he was seriously injured when he slipped and fell due to accumulated snow on a drilling platform located on a site owned by appellee Cabot Oil & Gas Corporation ("Cabot"). He further alleges that his resulting injuries were caused by Cabot's negligence and Patterson's intentional acts or gross negligence.

On October 1, 2015, Cabot and Patterson each filed motions to dismiss for lack of personal jurisdiction under Rule 12(b)(2) of the Federal Rules of Civil Procedure. By Opinion and Order entered May 19, 2016, the District Court granted the motions to dismiss.[2]

---

[1] We write exclusively for the parties and therefore set forth only those facts that are necessary for our disposition.

[2] Since the District Court found it lacked jurisdiction, it did not address Patterson's independent argument in support of dismissal for failure to properly serve process and Cabot's argument in support of dismissal for failure to state a claim.

2

**II.**[3]

"A federal district court may assert personal jurisdiction over a nonresident of the state in which the court sits to the extent authorized by the law of that state." *D'Jamoos ex rel. Estate of Weingeroff v. Pilatus Aircraft Ltd.*, 566 F.3d 94, 102 (3d Cir. 2009) (quoting *Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 436 (3d Cir. 1987)). Since New Jersey's long-arm statute allows "the exercise of personal jurisdiction to the fullest limits of due process," we "look to federal law for the interpretation of the limits on in personam jurisdiction." *IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 259 (3d Cir. 1998); *see Daimler AG v. Bauman*, 134 S. Ct. 746, 753 (2014).

Personal jurisdiction over a defendant may be either general or specific. *Chavez*, 836 F.3d at 223 (citing *Helicopteros Nacionales de Colombia S.A. v. Hall*, 466 U.S. 408, 414 nn.8-9 (1984)). General jurisdiction exists "when the plaintiff's claim arises out of [the] defendant's 'continuous and systematic' contacts with the forum state." *Id.* (citing *Vetrotex Certainteed Corp. v. Consol. Fiber Glass Prods. Co.*, 75 F.3d 147, 151 n.3 (3d Cir. 1996)). Specific jurisdiction is present "when the cause of action arises from the defendant's forum-related activities." *Id.* (quoting *Vetrotex*, 75 F.3d at 151). Here,

---

[3] The District Court's jurisdiction was premised on 28 U.S.C. §§ 1332(a) (diversity jurisdiction) and 1441 (removal). We have jurisdiction to hear this appeal under 28 U.S.C. § 1291. We review de novo the District Court's dismissal for lack of personal jurisdiction, and we review the decision to deny appellant's request to conduct jurisdictional discovery for abuse of discretion. *Chavez v. Dole Food Co.*, 836 F.3d 205, 223 n.90 (3d Cir. 2016) (en banc).

3

Malik contends that the District Court for the District of New Jersey has general and specific personal jurisdiction over Cabot and that the District Court has specific personal jurisdiction over Patterson.

With regard to general jurisdiction, the Supreme Court has noted that such jurisdiction typically arises only when a corporation's "affiliations with the State are so continuous and systematic as to render [it] essentially at home in the forum State." *Daimler*, 134 S. Ct. at 761 (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)) (internal quotation marks omitted). For a corporation, "the place of incorporation and principal place of business" are where it is "at home" and are, therefore, the paradigm bases for general jurisdiction.[4] *Id.* at 760. Consequently, as one of our sister circuits has commented, it is "incredibly difficult to establish general jurisdiction [over a corporation] in a forum *other* than the place of incorporation or principal place of business." *Chavez*, 836 F.3d at 223 (quoting *Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 432 (5th Cir. 2014)) (emph. added in *Chavez*).

In this case, as Malik's Complaint acknowledges, Cabot is a Delaware corporation with its principal place of business in Texas. Furthermore, while Malik argues in his brief that Cabot is a publicly-traded national corporation and an interstate energy company, the Supreme Court has pointed out, "[a] corporation that operates in many

---

[4] The Supreme Court further noted that it was not "foreclose[ing] the possibility that in an exceptional case . . . a corporation's operations in a forum other than its formal place of incorporation or principal place of business may be so substantial and of such a nature as to render the corporation at home in that State." *Daimler*, 134 S. Ct. at 761 n.19.

places can scarcely be deemed at home in all of them." *Daimler*, 134 S. Ct. at 762 n.20. Malik has not alleged facts that would suggest this is the "exceptional case" where, although Cabot is neither incorporated in nor has its principal place of business in New Jersey, that Cabot has operations in New Jersey "so substantial and of such a nature as to render [it] at home in that State" for purposes of general jurisdiction. *See Daimler*, 134 S. Ct. at 761 n.19. We agree with the District Court that "[Malik's] allegations, taken as true, regarding [Cabot's] ties to New Jersey[,] do not demonstrate the type of substantial or continuous and systematic contact that would render [Cabot] 'at home' in the State," *see Malik v. Cabot Oil & Gas Corp.*, 2016 WL 2930511, *3 (D. N.J. May 19, 2017).[5]

---

[5] As Patterson points out, although Malik's brief includes a heading entitled "Patterson Is Subject to General Jurisdiction In the District of New Jersey," the argument which immediately follows that heading clearly supports Malik's argument that "Patterson is subject to specific jurisdiction" (Malik's Br. 31). Moreover, in his Summary of the Argument, with regard to Patterson, Malik refers *only* to the District Court's alleged *specific* jurisdiction. Since Malik fails to pursue an argument that the District Court had general personal jurisdiction over Patterson, any such argument has been waived. *See United States v. Menendez,* 831 F.3d 155, 175 (3d Cir. 2016) (quoting *Travitz v. Ne. Dep't ILGWU Health & Welfare Fund*, 13 F.3d 704, 711 (3d Cir. 1994)) ("When an issue is not pursued in the argument section of the brief, the appellant has abandoned and waived that issue on appeal."); *John Wyeth & Brother Ltd. v. CIGNA Int'l Corp.*, 119 F.3d 1070, 1076 n.6 (3d Cir. 1997) ("[A]rguments raised in passing . . ., but not squarely argued, are considered waived."); *see also* Fed. R. App. P. 28(a)(8) ("appellant's brief must contain, under appropriate headings[,] . . . the argument, which must contain . . . appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies"). Moreover, even if the issue were not waived, we would affirm the District Court's grant of Patterson's motion to dismiss with regard to a lack of general jurisdiction. As Malik acknowledges in his brief, Patterson is a Texas limited liability company with its principal place of business in Houston, Texas. Furthermore, Malik's alleged facts do not support a finding that this is an "exceptional

With regard to specific personal jurisdiction, the inquiry requires a finding that the defendant "purposefully directed [its] activities at residents of the forum, and the litigation results from alleged injuries that arise out of or relate to those activities." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985) (citations and internal quotation marks omitted). If those two requirements are met, then we are required to determine whether the exercise of jurisdiction otherwise "comport[s] with 'fair play and substantial justice.'" *Id.* at 476 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 320 (1945)). Here, Malik is suing in New Jersey his employer and the site owner for alleged negligence and gross negligence resulting in Malik's slip and fall on a drilling platform in Montrose, Pennsylvania. Malik's cause of action does not "arise out of or relate to" appellees' New Jersey-related activities. *See Burger King*, 471 U.S. at 472; *see also Chavez*, 836 F.3d at 223 (quoting *Vetrotex*, 75 F.3d at 151) (Specific jurisdiction is present "when the cause of action arises from the defendant's forum-related activities."). The District Court properly granted the motions to dismiss for lack of specific personal jurisdiction.

Finally, Malik argues the District Court erred in denying his request for jurisdictional discovery. "[J]urisdictional discovery is not available merely because the plaintiff requests it." *Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 108 n.38 (3d Cir. 2015). "If the plaintiff presents factual allegations that suggest 'with reasonable

---

case" where Patterson's operations in New Jersey are "so substantial and of such a nature as to render [Patterson] at home" in New Jersey. *See Daimler*, 134 S. Ct. at 761 n.19.

particularity' the possible existence of the requisite 'contacts between [the party] and the forum state,' the plaintiff's right to conduct jurisdictional discovery should be sustained." *Eurofins*, 623 F.3d at 157 (quoting *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 455 (3d Cir. 2003)) (citation and internal quotation marks omitted). "A plaintiff may not, however, undertake a fishing expedition based only upon bare allegations, under the guise of jurisdictional discovery." *Id.*

In this case, with regard to his request for jurisdictional discovery, Malik did not present factual allegations that suggested with reasonable particularity the possible existence of the requisite contacts between appellees and the forum state to warrant jurisdictional discovery. The District Court did not abuse its discretion in denying Malik's request for jurisdictional discovery.

**III.**

Accordingly, for the foregoing reasons, we affirm the Order of the District Court granting appellees' respective motions to dismiss for lack of personal jurisdiction.