**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1184
_____

MURIEL COLLINS,
                                    Appellant

v.

ALAN B. EPSTEIN;
JENNIFER M. CHALAL;
SPECTOR GADON ROSEN;
KIMBERLY CLARK CORP.;
KIMBERLY CLARK CHESTER PA LLC,
And All Legal Team Involved I My Plaintiff Case
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-17-cv-05098)
District Judge:  Honorable C. Darnell Jones, II
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 1, 2018

Before:  VANASKIE, COWEN and NYGAARD, Circuit Judges

(Opinion filed: May 3, 2018)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Pro se appellant Muriel Collins appeals from the District Court's order dismissing her complaint sua sponte for failure to state a claim, see 28 U.S.C. § 1915(e)(2)(B)(ii), and for lack of subject-matter jurisdiction. For the reasons discussed below, we will affirm.

I.

Because we write primarily for the parties, who are already familiar with this case, we include only those facts necessary to reach our conclusion.

In 2012, Collins filed a complaint alleging that the Kimberly-Clark Corporation had subjected her to race and sex discrimination. Attorneys Alan B. Epstein and Jennifer Myers Chalal of Spector Gadon & Rosen PC represented her. In March 2017, the District Court entered summary judgment in favor of Kimberly-Clark. On appeal, we affirmed the District Court's judgment. See Collins v. Kimberly-Clark Pa., LLC, 708 F. App'x 48 (3d Cir. 2017).

Collins then filed a new suit alleging that her attorneys committed legal malpractice. Among other things, Collins alleged that her attorneys failed to submit certain evidence and amend her complaint to include claims against Kimberly-Clark's legal team. Collins also asked the District Court to reconsider her discrimination claims, and to sanction the defendants.

The District Court dismissed the complaint sua sponte for failure to state a claim and for lack of subject-matter jurisdiction. This appeal ensued.

2

## II.

We have jurisdiction under 28 U.S.C. § 1291. We review dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) under the same de novo standard of review as with our review of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). See generally Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

We review de novo a District Court's conclusion that it lacks subject-matter jurisdiction. See Metro. Life Ins. Co. v. Price, 501 F.3d 271, 275 (3d Cir. 2007). But we review any underlying factual findings, including those about domicile or citizenship, for clear error. See Johnson v. SmithKline Beecham Corp., 724 F.3d 337, 345 (3d Cir. 2013). "When reviewing for clear error, an appellate court 'must accept the trial court's findings' unless it is 'left with the definite and firm conviction that a mistake has been committed.'" Id. (quoting Inwood Labs., Inc. v. Ives Labs., Inc., 456 U.S. 844, 855, (1982)).

## III.

To the extent Collins' complaint attempted to reassert her discrimination claims, the District Court properly dismissed those claims under the doctrine of res judicata, which bars claims that were brought or could have been brought in a previous action. See In re Mullarkey, 536 F.3d 215, 225 (3d Cir. 2008). Res judicata applies where there

3

is "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action." Id. (internal quotation marks and citations omitted). Thus, the District Court's prior entry of summary judgment in favor of Kimberly-Clark bars any attempt by Collins to reassert her discrimination claims or any other claims she could have brought in the prior suit.[1]

The remaining claims in Collins' complaint are legal malpractice claims against her attorneys, which the District Court properly dismissed for lack of subject-matter jurisdiction. Collins has not asserted any basis for federal question jurisdiction, see 28 U.S.C. § 1331, and she failed to establish diversity jurisdiction over her state-law claims. A district court has diversity jurisdiction over state-law claims – such as the malpractice claims Collins has alleged here – if the amount in controversy exceeds $75,000 and there is complete diversity among the parties. See 28 U.S.C. § 1332(a). Complete diversity means that "no plaintiff can be a citizen of the same state as any of the defendants." Johnson, 724 F.3d at 346 (quoting Grand Union Supermarkets of the V.I., Inc. v. H.E. Lockhart Mgmt., Inc., 316 F.3d 408, 410 (3d Cir. 2003)). Thus, to establish diversity jurisdiction a plaintiff must allege, in good faith and after reasonable investigation, that each defendant is a citizen of a different state from her. See Lincoln Ben. Life Co. v. AEI Life, LLC, 800 F.3d 99, 106 (3d Cir. 2015).

---

[1] We decline to consider the new claims Collins attempts to raise in her appellate brief for this appeal. See Freeman v. Pittsburgh Glass Works, LLC, 709 F.3d 240, 249 (3d Cir. 2013).

4

"Citizenship is synonymous with domicile, and the domicile of an individual is his true, fixed and permanent home and place of habitation." McCann v. Newman Irrevocable Tr., 458 F.3d 281, 286 (3d Cir. 2006) (internal quotation marks and citation omitted). "A corporation is a citizen both of the state where it is incorporated and of the state where it has its principal place of business." Lincoln, 800 F.3d at 104.

Based on the little relevant information provided in Collins's complaint, the District Court found that she and defendants Esptein, Chalal, and Spector Gadon and Rosen PC are all citizens of Pennsylvania. See McCann, 458 F.3d at 286 ("The party asserting diversity jurisdiction bears the burden of proof"). Collins has not shown clear error in the District Court's factual determination of each party's citizenship, and, indeed, has not disputed the issue on appeal. See Johnson, 724 F.3d at 345.[2]

Accordingly, we will affirm the judgment of the District Court.

---

[2] The District Court did not err in denying leave to amend and in offering that Collins was free to bring her malpractice claims in state court. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).