**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2968
_____

DOMINIQUE JORDAN, EX Rel,
Realator Real Party in Interest,

Appellant

v.

PHILADELPHIA MEDIA NETWORK,
a/k/a DAILY NEWS;
a/k/a FOX 29 NEWS;
a/k/a CHANNEL 10 NEWS;
a/k/a CHANNEL 3 NEWS;
a/k/a PHILLYDOT.COM

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-17-cv-03172)
District Judge:  Honorable Mark A. Kearney

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 1, 2018
Before:  GREENAWAY, JR., BIBAS, and ROTH, Circuit Judges

(Opinion filed: September 25, 2018)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se appellant Dominique Jordan appeals from the District Court's order dismissing his amended complaint for lack of subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(h)(3). For the reasons discussed below, we will affirm.

## I.

In July 2017, Jordan commenced this case by filing a motion to proceed in forma pauperis and a complaint against "Philadelphia Media Network AKA Daily News AKA Fox 29 News AKA Channel 10 News AKA Channel 3 News AKA Phillydot.com." Jordan alleged that, on March 29, 2017, he was arrested at Upper Darby Middle School and charged with possessing a weapon on school property. According to Jordan, his arrest was the subject of slanderous news reports by the defendants. Jordan sought twenty million dollars in damages, as well as declaratory and injunctive relief.

On August 8, 2017, the District Court granted leave for Jordan to proceed in forma pauperis and dismissed the case for lack of subject matter jurisdiction. The District Court's order granted Jordan leave to amend, explaining that he was attempting to invoke the court's diversity jurisdiction, but "failed to plead the parties' citizenship." The District Court's order further explained how citizenship is determined for individuals and corporations.

Jordan then filed an amended complaint that made substantially the same allegations against the same defendants. Jordan alleged that his address is in Philadelphia, PA, and that the named defendants were all Pennsylvania corporations.

2

Jordan also appears to have alleged that he is not a Pennsylvania citizen, but rather, among other things listed in his various pleadings, a "First American Israelite Cosmic Prince King" and a "First American National (foreign state)." Jordan also alleged that the District Court had federal question jurisdiction pursuant to the "Treaty of Peace & Friendship 1787 Article 5."

On August 28, 2017, the District Court dismissed the amended complaint with prejudice for lack of subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(h)(3). The District Court's order did not address whether further amendment would be futile or inequitable. Cf. Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). This appeal ensued.

II.

We have jurisdiction under 28 U.S.C. § 1291. If the District Court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). We review de novo the District Court's dismissal for lack of subject matter jurisdiction. See Metropolitan Life Ins. Co. v. Price, 501 F.3d 271, 275 (3d Cir. 2007). "Under that standard, we review determinations of law de novo, but a court's factual findings regarding domicile or citizenship are reviewed for clear error." Johnson v. SmithKline Beecham Corp., 724 F.3d 337, 345 (3d Cir. 2013). "When reviewing for clear error, an appellate court 'must accept the trial court's findings' unless it is 'left with the definite and firm conviction that a mistake has been committed.'" Id. (quoting Inwood Labs., Inc. v. Ives Labs., Inc., 456 U.S. 844, 855, (1982)).

3

III.

A district court has diversity jurisdiction over state-law claims – such as the defamation claims Jordan has alleged here – if the amount in controversy exceeds $75,000 and there is complete diversity amongst the parties. See 28 U.S.C. § 1332(a). Complete diversity means that "no plaintiff can be a citizen of the same state as any of the defendants." Johnson, 724 F.3d at 346 (quoting Grand Union Supermarkets of the V.I., Inc. v. H.E. Lockhart Mgmt., Inc., 316 F.3d 408, 410 (3d Cir. 2003)).

When pleading diversity jurisdiction, a plaintiff must allege, in good faith and after reasonable investigation, that each defendant is a citizen of a state different from his own. See Lincoln Ben. Life Co. v. AEI Life, LLC, 800 F.3d 99, 106 (3d Cir. 2015). "Citizenship is synonymous with domicile, and the domicile of an individual is his true, fixed and permanent home and place of habitation." McCann v. Newman Irrevocable Tr., 458 F.3d 281, 286 (3d Cir. 2006) (internal quotation marks omitted). "A corporation is a citizen both of the state where it is incorporated and of the state where it has its principal place of business." Lincoln, 800 F.3d at 104.

Here, the District Court correctly determined that Jordan is a citizen of Pennsylvania, based on his domicile in Pennsylvania.[1] Because Jordan pled that the defendants are all Pennsylvania citizens based on their incorporation in Pennsylvania, the

---

[1] To the extent Jordan alleges that he is a citizen of any other state or nation, the District Court correctly found that he has failed to meet his burden of proof. See McCann, 458 F.3d at 286 ("The party asserting diversity jurisdiction bears the burden of proof").

4

District Court was also correct when it determined that it did not have diversity jurisdiction.[2]

Jordan also alleged that the District Court had federal question jurisdiction, under 28 U.S.C. § 1331, based on the "Treaty of Peace & Friendship 1787 Article 5." But "[u]nder the longstanding well-pleaded complaint rule…a suit arises under federal law only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law]." Goldman v. Citigroup Global Markets Inc., 834 F.3d 242, 253 (3d Cir. 2016) (internal citations and quotation marks omitted). The District Court correctly determined that it did not have federal question jurisdiction because Jordan has failed to allege any cause of action arising under a 1787 treaty.

Because Jordan was already given an opportunity to amend, and because the record is clear that further amendment would have been futile, we will affirm the judgment of the District Court.

---

[2] In addition to accepting the District Court's factual findings on clear error review, we also note that the only corporation clearly named in the complaint – Philadelphia Media Network – is a Pennsylvania Corporation. See Pennsylvania Department of State, Business Entities Search, https://www.corporations.pa.gov/search/corpsearch (last visited Jan. 19, 2018); see also In re Indian Palms Assoc., Ltd., 61 F.3d 197, 205–06 (3d Cir. 1995) ("Judicial notice may be taken at any stage of the proceeding, including on appeal") (citations omitted); Werner v. Werner, 267 F.3d 288, 295 (3d Cir.2001) ("A court may take judicial notice of an adjudicative fact if that fact is not subject to reasonable dispute ... [and] capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.")