**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-1560
_____

JIMI ROSE,
                              Appellant

v.

MATTRESS FIRM, INC.; JOHN ECK

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 5-20-cv-06334)
District Judge:  Honorable Joseph F. Leeson, Jr.

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
October 1, 2021
Before:  JORDAN, MATEY and NYGAARD, Circuit Judges

(Opinion filed: October 4, 2021)
_____

OPINION*
_____

PER CURIAM

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Pro se appellant Jimi Rose appeals from the District Court's order granting the defendants' motion to dismiss. For the following reasons, we will affirm in part and vacate in part the District Court's judgment.

I.

As we write primarily for the parties, who are familiar with the facts and procedural history, we will discuss the details only as they are relevant to our analysis. In his complaint, Jimi Rose alleged that his "friends purchased," and that a Mattress Firm employee "sold the Plaintiff's friends," a mattress and motorized base. Compl. ¶¶ 1, 4, ECF No. 1 at 17. Rose alleged that soon after he took delivery from Mattress Firm, the electric plug attached to the base began smoking and damaged an outlet. Id. ¶¶ 3-4. Rose also alleged that the mattress did not lay flat and had bugs in it.[1] Mattress Firm refunded the cost of the base, but not the mattress.

Rose filed his complaint in the Lehigh County Court of Common Pleas in November 2020. He named Mattress Firm and its CEO, John Eck, as defendants, seeking $100,000 in nominal damages and $100,000 in punitive damages from each of them. Compl., ECF No. 1 at 19. The defendants removed the case to the District Court for the Eastern District of Pennsylvania on the basis of diversity jurisdiction. They then moved to dismiss the complaint and to strike certain material within the complaint. The District Court granted the motion to dismiss with prejudice and struck material from the complaint. Rose appeals.

---

[1] It is unclear if Rose alleged that the mattress itself will not lay flat, if it is stuck in an uneven position because of the position of the base after the electrical incident, or both.

2

II.

We have jurisdiction under 28 U.S.C. § 1291. We review a district court's determinations of subject matter jurisdiction and personal jurisdiction de novo. Farina v. Nokia Inc., 625 F.3d 97, 110 (3d Cir. 2010); Metcalfe v. Renaissance Marine, Inc., 566 F.3d 324, 329 (3d Cir. 2009). We review a district court's grant of a motion to dismiss de novo. Newark Cab Ass'n. v. City of Newark, 901 F.3d 146, 151 (3d Cir. 2018). In doing so, we accept all Rose's factual allegations in his complaint as true and construe those facts in the light most favorable to him. See id. "To survive a motion to dismiss, a complaint must contain sufficient factual allegations, taken as true, to 'state a claim to relief that is plausible on its face.'" Fleisher v. Standard Ins., 679 F.3d 116, 120 (3d Cir. 2012) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). We review de novo a district court's determination that amendment would be futile. U.S. ex rel. Schumann v. AstraZeneca Pharms. L.P., 769 F.3d 837, 849 (3d Cir. 2014).[2]

III.

Rose argues that the District Court lacked subject matter jurisdiction, at least as to his claims against Mattress Firm, and that removal was improper. He incorrectly assumes that Mattress Firm is a citizen of Pennsylvania for the purposes of diversity jurisdiction because it has a retail outlet in Allentown, Pennsylvania.[3] "A corporation is a

---

[2] Rose does not challenge the District Court's ruling striking portions of his original complaint.

[3] Mattress Firm's retail operations in Pennsylvania are, of course, relevant to the District Court's uncontested exercise of personal jurisdiction over Mattress Firm.

citizen both of the state where it is incorporated and of the state where it has its principal place of business." Lincoln Ben. Life Co. v. AEI Life, LLC, 800 F.3d 99, 104 (3d Cir. 2015) (quoting Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 419 (3d Cir.2010)).[4] The defendants alleged, and Rose did not dispute, that Mattress Firm is incorporated in Delaware and has its principal place of business in Texas. Notice of Removal ¶ 9(b), ECF No. 1 at 7. Mattress Firm is thus a citizen of Delaware and Texas but not Pennsylvania. As Rose is a citizen of Pennsylvania, Eck is a citizen of Texas, and Rose sought more than $75,000 in damages, the District Court had jurisdiction over this case and all of Rose's claims under 28 U.S.C. § 1332(a).

Rose did not identify a specific legal basis for his claims in his complaint. The District Court fairly construed the complaint as potentially presenting claims for breach of contract, unfair and unlawful business practices, negligence, and products liability. The District Court concluded that it lacked personal jurisdiction over Eck and that Rose failed to state any viable claims against Mattress Firm. While Rose argued to the District Court that it had personal jurisdiction over Eck, Rose only mentioned those arguments in passing in his appellate filings and so has forfeited those arguments. See M.S. ex rel. Hall v. Susquehanna Twp. Sch. Dist., 969 F.3d 120, 124 n.3 (3d Cir. 2020); N.J. Dep't of Env't Prot. v. Am. Thermoplastics Corp., 974 F.3d 486, 492 n.2 (3d Cir. 2020).

---

[4] Rose cites caselaw concerning the citizenship of unincorporated associations such as limited liability companies, but Mattress Firm is incorporated and those cases do not apply. See Lincoln, 800 F.3d at 104-05.

We agree with the District Court that Rose failed to state any viable cause of action in his complaint. "In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010).[5] The District Court determined that Rose failed to state a viable products liability claim concerning the mattress.[6] We agree. Rose alleged that the mattress was unsatisfactory, but his allegations do not sufficiently tie his alleged injuries to specific alleged defects in the mattress to state a plausible strict liability or negligence claim under Pennsylvania law. See Sikkelee v. Precision Airmotive Corp., 907 F.3d 701, 709-10 (3d Cir. 2018). Rose appears to attribute his injuries to repeated use of the mattress despite his knowledge of the alleged defects, and it is unclear these injuries were also related to the condition of the base.[7]

The District Court also concluded that Rose failed to state any viable cause of action for breach of contract, unfair or unlawful business practices, or negligence largely because he alleged in his complaint that his friends, rather than Rose himself, purchased

[5] Rose argues that the District Court should have reviewed evidence and cites caselaw concerning summary judgment, but the District Court granted a motion to dismiss, not a motion for summary judgment.

[6] While Rose alleged that the base malfunctioned, he alleged defects in the mattress in those portions of his complaint that sound in products liability. See Compl. ¶¶ 6-9, 11, 15.

[7] Rose did not allege any personal injuries related to the alleged bug infestation in his complaint, although he did so in later filings.

5

the mattress and base. On appeal, Rose does not meaningfully contest that these potential claims fail if his friends made the purchase. However, Rose argues that the District Court should have overlooked the allegations in his complaint relating to his friends' purchase of the mattress and base. He points to his statements in his response to the motion to dismiss as well as several subsequent filings that he, not his friends, purchased these products. He believes that the District Court should have credited his later representations in assessing whether he had stated a claim in his complaint. We disagree. The District Court properly focused its analysis on the allegations in the complaint.

But we do not ignore Rose's efforts to alter his allegations. Rose argues that the District Court erred in determining that amendment would be futile and should have given him an opportunity to amend his complaint in line with his later, allegedly corrective allegations.[8] Plaintiffs may "amend complaints to correct factual inadequacies in response to a motion to dismiss . . . even when the proposed amendment flatly contradicts the initial allegation." W. Run Student Hous. Assocs., LLC v. Huntington Nat. Bank, 712 F.3d 165, 172 (3d Cir. 2013). Rose did not file a document explicitly titled as a motion for leave to amend his complaint with a draft amended complaint

---

[8] In a separately filed petition for a writ of mandamus, Rose indicated that he would reduce the damages sought in an amended complaint in an effort to avoid federal diversity jurisdiction and return this case to state court. Petition ¶ 35, In re Jimi Rose, C.A. No. 21-1637 (3d Cir. Apr. 6, 2021). That tactic would fail. "[E]vents occurring subsequent to removal which reduce the amount recoverable, whether beyond the plaintiff's control or the result of his volition, do not oust the district court's jurisdiction once it has attached." St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 293 (1938). The District Court would not be deprived of jurisdiction if Rose amended his complaint to reduce the damages sought. See id. at 292, 294.

attached, as is required.  See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 252 (3d Cir. 2007).

But "[a] document filed pro se is to be liberally construed."  Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).  And a pro se pleading "will be judged by its substance rather than according to its form or label."  Lewis v. Att'y Gen., 878 F.2d 714, 722 n.20 (3d Cir. 1989) (citation omitted). Rose's "Motion to Clarify the Record with Undisputed Facts," which included 69 numbered paragraphs and the allegation that Rose personally paid for the mattress and base, can liberally be understood as an attempt to amend his complaint.  Mot. 2, ECF No. 16.[9]  The District Court acknowledged that the filing included a "running list of factual allegations" but concluded that it was unclear and correctly noted that it contained inappropriate material before denying it summarily. Order of Feb. 11, 2021, ECF No. 17.  But in addition to "duplicative factual assertions," Rose's motion sought to change allegations in the complaint.  See id.[10]  Accordingly, this document should have been construed as a motion to amend the complaint, and the District Court should have considered whether Rose met the liberal standard for leave to amend.  It is well established that such leave should be given freely.  Adams v. Gould

---

[9] Rose also provided additional allegations concerning the dangerousness of the base and associated injuries.

[10] The District Court indicated that it had "everything it needs to resolve Defendants' pending motion to dismiss the Complaint," potentially dissuading Rose from making any further, more formal effort to amend.  Order of Feb. 11, 2021, ECF No. 17.  Rose nevertheless filed two additional documents before the District Court granted the motion to dismiss, both of which indicated that Rose had considered his "Motion to Clarify" an effort to amend the complaint.  Mot. to Withdraw 5, ECF No. 18; Mot. to be Treated Like a Human Being 11, ECF No. 19.

Inc., 739 F.2d 858, 864 (3d Cir. 1984) (also stating that a "liberal amendment philosophy limits the district court's discretion to deny leave to amend").  While we express no opinion on the merits of the claims in Rose's attempt to amend, we note that the proposed alterations undermine the basis for the futility analysis in the District Court's opinion dismissing the complaint (at least as to the claims against Mattress Firm).

IV.

Accordingly, we will affirm the District Court's judgment in part and vacate it in part and remand this matter for further proceedings.  We will affirm the dismissal of the complaint, but we will vacate its with-prejudice nature and the earlier denial of Rose's "Motion to Clarify the Record with Undisputed Facts," so that the District Court may consider that motion as a motion to amend the complaint and determine if this action may proceed on the altered allegations.