NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-3339
_____

JAMIEL L. WILLIAMS,
Appellant

v.

BRENDA V. FRANCOIS; SCOTT M. ORLOFF, Attorney I.D. #57505;
WILLIG, WILLIAMS & DAVIDSON;
PHILADELPHIA COUNTY COURT OF COMMON PLEAS FAMILY DIVISION
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:22-cv-03404)
District Judge:  Honorable Eduardo C. Robreno
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 9, 2023

Before: KRAUSE, PORTER, and AMBRO, Circuit Judges

(Opinion filed: February 24, 2023)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Appellant Jamiel Williams, an inmate in state prison proceeding pro se and in forma pauperis, appeals from the District Court's sua sponte dismissal of his complaint. We will summarily affirm.

In his complaint, Williams sued his ex-wife, his former lawyer and the lawyer's firm, and the Philadelphia Court of Common Pleas Family Division, pursuant to 42 U.S.C. § 1983. Williams alleged that, during his divorce proceedings, he was not given an opportunity to file a counter-affidavit for alimony, which resulted in monetary losses and mental anguish. Dkt. No. 2 at 3. He also alleged that his ex-wife stalked him by repeatedly calling the facility where he is incarcerated. Id. He sought compensatory relief. Id. at 5.

On November 28, 2022, the District Court screened Williams' complaint pursuant to 28 U.S.C. § 1915(e)(2). The District Court dismissed Williams' federal claims with prejudice for failure to state a claim. Dkt. No. 16 at 8. To the extent Williams alleged state law claims, the Court declined to exercise supplemental jurisdiction, concluded that Williams had failed to establish diversity jurisdiction, and dismissed the claims for lack of subject matter jurisdiction without prejudice to Williams' right to raise the claims in state court. Id. at 7. Williams filed this timely appeal.

We have jurisdiction under 28 U.S.C. § 1291.[1] We exercise plenary review over the dismissal of the complaint. Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).

_____

[1] This Court has jurisdiction over this appeal even though a without-prejudice dismissal generally is neither final nor appealable. See Borelli v. City of Reading, 532 F.2d 950, 951 (3d Cir. 1976) (per curiam). In declining to exercise supplemental jurisdiction, the

Upon review, we will affirm because no substantial question is presented on appeal. See 3d Cir. L.A.R. 27.4.

The District Court properly dismissed Williams' federal claims against his ex-wife, former lawyer, and the lawyer's firm because Williams did not allege that any of these defendants were state actors. Leshko v. Servis, 423 F.3d 337, 339 (3d Cir. 2005) (recognizing that "to state a claim of liability under § 1983, [the plaintiff] must allege that [he] was deprived of a federal constitutional or statutory right by a state actor"). The complaint contains no facts supporting a reasonable inference that any of these defendants were state actors and there is no indication that William could allege facts demonstrating that there was "'such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself.'" Id. (quoting Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n, 531 U.S. 288, 295 (2001).

The District Court also properly dismissed Williams' federal claims against the Philadelphia Court of Common Pleas Family Division as barred by the Eleventh Amendment. The Eleventh Amendment protects a state or state agency, as well as state officials, when the suit is in fact against the state, from suit in federal court unless

---

District Court dismissed Williams' state law claims without prejudice to Williams' ability to bring those claims in state court. Because Williams cannot cure the lack of original subject matter jurisdiction, Borelli does not preclude the Court's review. See id. at 951-52; cf. Pa. Fam. Inst., Inc. v. Black, 489 F.3d 156, 162 (3d Cir. 2007) (per curiam) ("Borelli does not apply 'where the district court has dismissed based on justiciability and it appears that the plaintiffs could do nothing to cure their complaint.'") (citation omitted).

3

Congress has specifically abrogated the state's immunity, or the state has waived it. See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100-01 (1984); Karns v. Shanahan, 879 F.3d 504, 513 (3d Cir. 2018). "This jurisdictional bar applies regardless of the nature of the relief sought." Pennhurst, 465 U.S. at 100. As the District Court noted, we have held that Pennsylvania's judicial districts—of which the Philadelphia Court of Common Pleas is a part—are entitled to Eleventh Amendment immunity as arms of the state. See Haybarger v. Lawrence Cnty. Adult Prob. & Parole, 551 F.3d 193, 198 (3d Cir. 2008). Congress has not abrogated Pennsylvania's immunity, nor has Pennsylvania consented to suit in federal court or waived its immunity here. See Downey v. Pa. Dep't of Corr., 968 F.3d 299, 310 (3d Cir. 2020); 42 Pa. Cons. Stat. §§ 8521(b), 8522(b).

Given Williams' failure to state a claim under federal law, the District Court acted within its discretion in declining to exercise jurisdiction over supplemental state law claims. See Doe v. Mercy Cath. Med. Ctr., 850 F.3d 545, 567 (3d Cir. 2017) ("A court may [decline to exercise supplemental jurisdiction] under 28 U.S.C. § 1367(c)(3) when it dismisses all claims over which it has original jurisdiction."). The Court also correctly dismissed Williams' state law claims for lack of subject matter jurisdiction based on Williams' failure to adequately allege the citizenship of any party to the action. See Lincoln Benefit Life Co. v. AEI Life, LLC, 800 F.3d 99, 106-07 (3d Cir. 2015) (explaining that, when pleading diversity jurisdiction for natural persons, a plaintiff must allege that each person is a citizen of a different state than him).

4

Lastly, the District Court did not abuse its discretion in concluding that amendment was futile.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir 2002).

Accordingly, we will affirm the judgment of the District Court.