CLD-071                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-3089
_____

EMILE J. DOMINIQUE, IV,
Appellant

v.

WATCHTOWER BIBLE AND TRACT SOCIETY (Jehovah's Witnesses); DONALD
TRUMP; MIKE JOHNSON; RING; COMCAST; THE WALT DISNEY COMPANY;
INSTAGRAM LLC

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Action No. 2:24-cv-05626)
District Judge:  Honorable John M. Younge

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 23, 2025
Before:  KRAUSE, PHIPPS, and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: February 27, 2025)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Emile Dominique IV appeals pro se from the District Court's October 31, 2024 dismissal order under 28 U.S.C. § 1915(e)(2)(B). We will summarily affirm.

Dominique's complaint asserts various federal and state law claims against defendants Watchtower Bible and Tract Society, President Donald Trump, Speaker of the House of Representatives Mike Johnson, Ring LLC, Comcast, the Walt Disney Company, and Instagram LLC. Those claims, and the factual bases provided, are difficult to follow, but generally revolve around alleged campaigns of harassment and defamation by each defendant. Dominique asserted that the District Court possessed diversity jurisdiction over the state law claims.

The District Court screened the complaint under 28 U.S.C. § 1915(e)(2)(B) and dismissed the federal claims with prejudice as factually frivolous. It also dismissed the state law claims without prejudice for lack of subject matter jurisdiction after declining to exercise supplemental jurisdiction and concluding that Dominique had not sufficiently pleaded diversity jurisdiction. This timely appeal followed.

We have jurisdiction under 28 U.S.C. § 1291. Our review of the District Court's sua sponte dismissal under § 1915(e)(2)(B) is plenary. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). We may summarily affirm if the appeal fails to present a substantial question. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam); 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

We agree with the District Court's dismissal of Dominique's federal claims as frivolous. "To be frivolous, a claim must rely on an 'indisputably meritless legal theory' or a 'clearly baseless' or 'fantastic or delusional' factual scenario." Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003) (quoting Neitzke v. Williams, 490 U.S. 319, 327–28 (1989)); see also Denton v. Hernandez, 504 U.S. 25, 32–33 (1992). The claims are based on allegations that the defendants have all, in various ways, engaged in campaigns of harassment and defamation against Dominique. For example, the complaint alleges that Comcast "targeted [Dominique] massively in commercials, movies, books, podcast, and all other media" in an effort to "persuade others to believe that [Dominique is] 'Satan.'" Complaint at 15. The District Court did not err in dismissing these claims as frivolous.

With respect to claims that Dominique sought to bring under state law, the District Court acted within its discretion in declining to exercise supplemental jurisdiction. See 28 U.S.C. § 1367(c)(3); see also Royal Canin U. S. A., Inc. v. Wullschleger, No. 23-677, 2025 WL 96212, at *5 (U.S. Jan. 15, 2025); Figueroa v. Buccaneer Hotel Inc., 188 F.3d 172, 181 (3d Cir. 1999). And because Dominique failed to plead complete diversity of citizenship between the parties, no independent basis for jurisdiction over the state law claims existed. See 28 U.S.C. § 1332(a); Lincoln Benefit Life Co. v. AEI Life, LLC, 800 F.3d 99, 106 (3d Cir. 2015) (explaining that under Federal Rule of Civil Procedure

8(a)(1), plaintiffs are required to plead the basis for federal jurisdiction).[1] Given the

nature of Dominique's filings in the District Court and in this Court, we conclude that

providing leave to amend the complaint would have been futile. See Grayson v. Mayview

State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

      For the foregoing reasons, we will summarily affirm the District Court's

judgment.

---

[1] The complaint avers that Dominique is a citizen of Georgia, and for each corporate defendant, lists the state in which they are incorporated and the state(s) in which they "currently operate." Complaint at 8 & 9. It does not list where any of the corporations have their principal place of business, nor does it identify the citizenship of any of the members of the LLC defendants. See Lincoln Benefit, 800 F.3d at 104-05. It also does not allege that the defendants are "*not* . . . citizen[s] of [Dominique]'s state of citizenship." Id. at 107.