**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-3132
_____

JOSEPH MICHAEL BOVA, JR.,
Appellant

v.

RAY SAJONE; CATHY MOFFAT SAJONE
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3:25-cv-00258)
District Judge: Honorable Malachy E. Mannion

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 4, 2026
Before:  BIBAS, CHUNG, and BOVE, *Circuit Judges*

(Opinion filed March 5, 2026)
_____

OPINION*
_____

PER CURIAM

Joseph Michael Bova, Jr. appeals from the District Court's order dismissing his

complaint for lack of subject-matter jurisdiction. We will affirm.

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

I.

Bova filed a complaint with allegations focused on the events surrounding his father's death. The Magistrate Judge concluded that the Court lacked subject-matter jurisdiction, and granted Bova leave to amend his complaint. Bova's amended complaint failed to cure the jurisdictional deficiency, and the Magistrate Judge recommended that the complaint be dismissed for lack of subject-matter jurisdiction. Over Bova's objections, the District Court adopted the Magistrate Judge's report and recommendation and dismissed the complaint without leave to amend.

Bova's timely appeal followed. He has submitted an informal brief in support of his appeal.

II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the District Court's dismissal of Bova's complaint for lack of subject-matter jurisdiction. *See In re Horizon Healthcare Servs. Inc. Data Breach Litig.*, 846 F.3d 625, 632 (3d Cir. 2017).

III.

We will affirm the District Court's order because Bova failed to provide any basis for the Court's subject-matter jurisdiction. On appeal, Bova's arguments mostly reiterate the ideas expressed in his complaint, and do not address the issue of subject-matter jurisdiction. Nowhere in his complaint did Bova allege that his claims were being brought under the Constitution, laws, or treaties of the United States; thus, the District Court

correctly concluded that it did not have federal question jurisdiction under 28 U.S.C. § 1331.

Nor did Bova plead diversity jurisdiction. Pursuant to 28 U.S.C. § 1332, diversity jurisdiction exists in civil actions where the amount in controversy exceeds $75,000 and the opposing parties are citizens of different states. In his amended complaint, Bova did not address his citizenship or that of the defendants; however, in his initial complaint he provided a Pennsylvania address for himself, and a Pennsylvania address for the defendants as well. Bova, as the plaintiff in this case, was required to plead the grounds for jurisdiction. *See* Fed. R. Civ. P. 8(a)(1); *Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 106 (3d Cir. 2015). As the District Court concluded, Bova failed to allege that diversity jurisdiction existed. *See GBForefront, L.P. v. Forefront Mgmt. Grp.*, LLC, 888 F.3d 29, 34 (3d Cir. 2018) ("The citizenship of a natural person is the state where that person is domiciled.").

Finally, the District Court did not err in concluding that granting Bova further leave to amend would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 113 (3d Cir. 2002). Accordingly, we will affirm the District Court's judgment.

3