**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-1949
_____

SUNGSUK KIM,
                            Appellant

v.

UNLIMITED SETTLEMENT SERVICES; LIBERTY MUTUAL
INSURANCE CO; PHH MORTGAGE CORP; OCWEN LOAN
SERVICING; ALL-STATE INSURANCE; CATHERINE
HARRINGTON; WILLIAM DAVIS; IRWIN STEIN; THOMAS
CIALINO; CHRISTOPHER POLECK; ROBERT GROLNICK

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:25-cv-00505)
District Judge: Honorable Mitchell S. Goldberg

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 10, 2026

Before: BIBAS, CHUNG, and BOVE, *Circuit Judges*

(Opinion filed: April 16, 2026)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Sungsuk Kim appeals from an order dismissing her complaint with prejudice. We will affirm the dismissal but will modify it so that it is without prejudice.

I.

This case concerns events that have been the subject of litigation in at least five civil actions in the Pennsylvania Court of Common Pleas for Philadelphia County. Though Kim filed some of these actions pro se, she was represented by counsel in others and has been represented by at least four separate lawyers during these events.

In brief, Kim owned a property at 2200 Christian Street in Philadelphia that was subject to a mortgage. In the **first state-court action** (Phila. C.C.P. No. 130402945), her mortgage company sought to foreclose. While that action was pending, the house on Kim's property was damaged by a fire in 2017. Kim then filed the **second state-court action** (Phila. C.C.P. No. 180802855). She named as defendants her neighbor Irwin Stein, whom she accused of negligently causing the fire, and her homeowner's insurance company Liberty Mutual Insurance, which she accused of failing to pay what her policy required. Meanwhile, back in the first action, Kim's mortgage company obtained a judgment against her. Kim's mortgage company and related parties later joined the second action and filed a cross-claim against Liberty claiming the right to any additional insurance proceeds. Kim then filed the **third state-court action** (Phila. C.C.P. No. 220201092) against the mortgage-company parties seeking to quiet title to the property.

Kim, Liberty and the mortgage-company parties ultimately settled these

2

actions by an agreement that entailed, inter alia, the sale of Kim's property and additional payments to her. As a result of the settlement, these parties discontinued the actions in 2022, and Kim's claims against her neighbor Stein proceeded to arbitration. The arbitration ended with an award in Stein's favor on May 22, 2023.

Although these matters appeared to have concluded, Kim filed two more state-court actions in December 2023. In the **fourth state-court action** (Phila. C.C.P. No. 231202771), Kim filed suit against one of the mortgage companies, one of its lawyers, and an employee of the settlement service that the parties used to consummate the settlement. Kim alleged that there were improprieties in the mortgage and settlement process. Only the mortgage company and its lawyer responded. The court dismissed Kim's claims against them as barred by the settlement, and the Pennsylvania Superior Court dismissed as interlocutory Kim's resultant appeal. Meanwhile, in the **fifth state-court action** (Phila. C.C. P. No. 231203196), Kim again filed suit against her neighbor Stein and Liberty repeating her claims about the fire. The court ultimately dismissed Kim's complaint with prejudice in orders that restricted her ability to file complaints against these parties in the future, and the Superior Court later dismissed Kim's appeal.

II.

While that appeal was pending, Kim turned to federal court. She did so by filing with the District Court what purported to be another state-court notice of appeal along with several hundred pages of documents. (E.D. Pa. Civ. No. 2:24-cv-06560.) The court advised Kim that her filing was not a proper complaint, and it provided her with a form

3

complaint and gave her 30 days to file a complaint that alleged the basis for federal jurisdiction as required by Fed. R. Civ. P. 8. Kim instead voluntarily dismissed the suit.

But about two week later, Kim filed two documents that the court combined and docketed as the complaint initiating the separate civil action at issue here. The 1327-page document included a list of 11 defendants[1] and a document titled "petition" describing the state-court litigation and some of her claims therein. But contrary to the court's previous instruction, the document did not allege any basis for federal jurisdiction.[2] Nor did it plead any specific claim against any specific defendant. Instead, Kim's only request for relief was for "the court's intervention to ensure I receive fair compensation from Liberty Mutual and Irwin Stein" and for "guidance and support in securing adequate legal representation." (*Id.* at 34.)

---

[1] The defendants can be broken into five groups: (1) Unlimited Settlement Service, which the parties used for the state-court settlement, and its employee Christopher Poleck; (2) Kim's insurance company Liberty and its state-court lawyer Robert Grolnick; (3) mortgage companies PHH Mortgage and Ocwen Loan Servicing, as well as their state-court lawyer Thomas Cialino (the "Mortgage Defendants"); (4) Kim's neighbor Stein, his state-court lawyer Catherine Harrington, and his insurance company Allstate Insurance Company (the "Stein Defendants"); and (5) William Davis, a lawyer who represented Kim in the settlement of the second state-court action after she fired her previous lawyer.

[2] Kim's document included two copies of a form complaint asking her to identify whether the basis for federal jurisdiction was federal-question jurisdiction or diversity jurisdiction, but she left those portions blank. She also left blank the portion asking her to identify any asserted federal right triggering federal-question jurisdiction (*id.*), and she did not otherwise appear to rely on federal law. Kim did include in the section on diversity jurisdiction an allegation that she is a citizen of Kansas. But it appears that Kim might actually be a citizen of Pennsylvania and that some of the defendants might be citizens of Pennsylvania too. In any event, Kim did not allege anything about the defendants' citizenship as necessary to invoke diversity jurisdiction. *See Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 106-07 (3d Cir. 2015).

4

Three groups of defendants filed motions to dismiss the complaint under Fed. R. Civ. P. 12(b)(1) or 12(b)(6). Two of them (the Mortgage Defendants and the Stein Defendants) argued that the court should dismiss the complaint either because the *Rooker-Feldman* doctrine deprived the court of jurisdiction or because Kim's claims were barred by preclusion law. A third defendant (Davis) argued that the court should dismiss the complaint either because Kim failed to invoke the court's jurisdiction in the first place or because she did not state any discernible claim.

The court granted those motions and dismissed the complaint with prejudice as to the moving defendants on the sole ground that it was barred by the *Rooker-Feldman* doctrine. The court also dismissed the complaint with prejudice as to the non-moving defendants on the ground that it did not comply with Rule 8(a)(2). Kim appeals.[3]

## II.

Although we construe Kim's notice of appeal as appealing the District Court's order of dismissal, she has not actually raised any challenge to that order. Indeed, Kim has not even acknowledged the court's reasons for dismissing her complaint, let alone argued that they were erroneous. To the contrary, as the Mortgage Defendants argue, Kim instead appears to concede that the court correctly dismissed her complaint because she acknowledges that it was an "incorrect filing" due to "a misunderstanding on my

---

[3] Kim's notice of appeal and opening brief identify the orders she is challenging only by their dates, which correspond to state-court orders entered before she filed anything in federal court. We do not have jurisdiction to review state-court orders. But Kim also attached to her notice of appeal a copy of the District Court's order of dismissal, and the appellees understand her to be challenging that order. That order is a final decision over which we have jurisdiction under 28 U.S.C. § 1291.

part." Thus, Kim appears to have waived or forfeited any challenge to the order of dismissal.[4]

In any event, we will affirm that order on the ground that the court lacked subject-matter jurisdiction for a different reason. The court held that the *Rooker-Feldman* doctrine precluded it from exercising jurisdiction because Kim's complaint effectively sought appellate review of state-court decisions. The court's reasoning appears to be partially erroneous.[5] But we need not decide whether the *Rooker-Feldman* doctrine

---

[4] There may be some question whether a plaintiff can waive or forfeit a challenge to a dismissal for lack of jurisdiction under the *Rooker-Feldman* doctrine. *Compare Behrens v. JPMorgan Chase Bank, N.A.*, 96 F.4th 202, 206-08 (2d Cir. 2024) (joining other Courts of Appeals in holding that, although parties cannot waive or forfeit a district court's *lack* of jurisdiction, a plaintiff can waive and forfeit an argument that the court *had and should have exercised* jurisdiction), *with Hartig Drug Co. v. Senju Pharm. Co.*, 836 F.3d 261, 267 (3d Cir. 2016) (holding that this Court has an independent obligation to determine whether the District Court properly characterized as jurisdictional the rule under which it dismissed the complaint, where the plaintiff challenged application of the rule but not its jurisdictional moniker, because "subject-matter delineations must be policed by the courts on their own initiative, irrespective of whether" the District Court exercised jurisdiction or held it lacking) (cleaned up), *Potter v. Cozen & O'Connor*, 46 F.4th 148, 153 (3d Cir. 2022) (holding the same), *and Guerra v. Consol. Rail Corp.*, 936 F.3d 124, 131 (3d Cir. 2019) (same). We need not decide this issue in light of our disposition on a different jurisdictional ground. *See Aldossari ex rel. Aldossari v. Ripp*, 49 F.4th 236, 248 n.16 (3d Cir. 2022).

[5] The doctrine applied to the extent that Kim expressly sought appellate review of state-court judgments. *See In re Adams*, 151 F.4th 144, 150-52 (3d Cir. 2025). But much of her complaint appeared to reassert the same claims she raised in state court and to raise new claims, including claims against some of the moving defendants based on their alleged conduct in state court. The effect of the state-court actions on these claims is governed by preclusion law rather than the *Rooker-Feldman* doctrine. *See id.* at 153 (discussing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 293 (2005)); *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 167-70, 173 (3d Cir. 2010) (same). In nevertheless concluding that the *Rooker-Feldman* doctrine barred all of Kim's claims against the moving defendants, the District Court reasoned in part that her claims were "inextricably intertwined" with the state-court actions. (ECF No. 22

6

precluded the court from exercising jurisdiction because Kim failed to invoke its jurisdiction in the first place. *See Exxon Mobil*, 544 U.S. at 291-92.

"[W]e presume that federal courts lack jurisdiction unless the contrary appears affirmatively from the record." *In re Johnson & Johnson Talcum Powder Prods. Mktg., Sales Pracs. & Liab. Litig.*, 903 F.3d 278, 288 (3d Cir. 2018) (cleaned up). Thus, because Kim sought federal jurisdiction, she "had the burden of alleging a legal basis for exercising such jurisdiction." *Aldossari*, 49 F.4th at 260 (citing, inter alia, Rule 8(a)(1)). If Kim failed to do so, the District Court was required to dismiss her complaint. *See id.*

Kim failed to do so, and we see no reason to remand to give her another chance. After Kim filed her first batch of documents in federal court, the District Court expressly advised her that a proper complaint would have to allege the grounds for the court's jurisdiction. The form complaint that she filed as part of her subsequent filing advised her of that requirement too. But Kim did not complete those portions of the form or otherwise allege any basis for federal jurisdiction. And after defendant Davis argued in his motion to dismiss that Kim failed to invoke the court's jurisdiction, Kim did not respond to the jurisdictional argument at all and instead merely argued the merits of her claims. She has done the same on appeal, and none of her claims or arguments suggests any potential basis for federal jurisdiction. To the contrary, Kim appears to concede that her filing in federal court was inadvertent and improper.

---

at 4) (citing, inter alia, *In re Knapper*, 407 F.3d 573, 580 (3d Cir. 2005)). But we have made clear that the focus of the *Rooker-Feldman* doctrine is whether a claim invites review of a final state court decision.

Thus, we will affirm the order of dismissal on the ground that Kim failed to invoke federal jurisdiction as to any of her claims against any of the defendants. We also will modify the order of dismissal because, although the court dismissed Kim's complaint with prejudice, dismissals for lack of jurisdiction should be without prejudice to the merits. *See Cook v. GameStop, Inc.*, 148 F.4th 153, 163 (3d Cir. 2025). Finally, to the extent that Kim's brief can be read to challenge the court's decision not to appoint counsel for her, we will affirm that decision too because Kim did not show that she had any potentially meritorious claim over which the court might have had jurisdiction. *See Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993).

## III.

For these reasons, we will affirm the District Court's judgment but will modify it to reflect that the dismissal is without prejudice. The motion of appellees Thomas Cialino, Ocwen Loan Servicing, and PHH Mortgage for leave to file their unredacted brief and supplemental appendix under seal is granted. Kim's motions are denied.